**UNITED STATES of America, Plaintiff,**

v.

**Daniel BOANO, also known as Dante Boano, Dan Bowan and Dan Bowman, Defendant.**

United States District Court
S. D. New York.
Oct. 18, 1954.

See, also, 16 F.R.D. 378.

J. Edward Lumbard, U. S. Atty., for Southern Dist. of N. Y., New York City, Thomas A. Bolan, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Isidore G. Needleman, New York City, for defendant.

DAWSON, District Judge.

This is a motion, pursuant to Rule 37 (a) of the Rules of Civil Procedure, 28 U.S.C.A., for an order directing the defendant to answer certain questions propounded to defendant at an oral examination conducted pursuant to Rule 26.

The action is one to cancel the naturalization of defendant on the ground that it was fraudulently procured by the concealment of material facts and by willful misrepresentations. The principal basis of the complaint is that defendant was a member of the Communist Party prior to his naturalization, and that he had concealed that fact at the time of his application for naturalization.

Defendant testified on oral examination, pursuant to Rule 26. He admitted that he had attended Communist meetings prior to his naturalization, and had participated in discussions at them. He denied that he had been at that time a member of the Party. However, he refused to answer certain questions asked by the attorney for the plaintiff.

Defendant's objection to the first question—the names of his mother, brother, and two sisters who accompanied him to the United States when he was six years of age—is sustained.

The other questions fall generally into four categories:

(1) Questions as to the names of persons who invited him to attend, or notified him to attend, Communist meetings and of persons who were present at the meetings, and of persons who were known to him to be members of the Communist Party.

(2) Questions as to whether, after his naturalization in January, 1945, he was a member of the Communist Party or attended Communist meetings, or participated in Communist activities.

(3) Questions as to whether he had consulted an attorney named Carol King

on any legal matters prior to obtaining her assistance in filing his application for naturalization, and whether anybody had advised him to consult her.

(4) Questions as to whether the National Maritime Union, of which defendant had been an official, was controlled by the Communist Party.

 While defendant invoked the Fifth Amendment in refusing to answer certain questions propounded, defendant's objection to answering the particular questions here involved was that they were irrelevant to the issues embraced in the action. This objection misconceives the purpose of Rule 26. A question may be asked under that Rule which is "relevant to the subject matter involved in the action." It is not a ground for objection that the testimony sought will be inadmissible at the trial, if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Lewis v. United Air Lines Transport Corporation, D.C.Conn.1939, 27 F. Supp. 946; 4 Moore's Fed.Practice, p. 1070.

All of the questions to which objection has been taken are relevant to the subject matter of this action and may lead to the discovery of admissible evidence. The names of persons who invited defendant to attend Communist meetings or who attended Communist meetings with him, or of certain Communists with whom he may have been acquainted, may reasonably, in the language of Rule 26, show "the identity and location of persons having knowledge of relevant facts."

This is equally true of the questions as to whether he had previously consulted a certain attorney, and who had referred him to her. Such questions do not invade the confidential relationship of attorney and client. United States v. Pape, 2 Cir., 1944, 144 F.2d 778, certiorari denied 323 U.S. 752, 65 S.Ct. 86, 89 L.Ed. 602.

Defendant, for many years, was admittedly an official of the National Maritime Union. The question as to whether this Union was controlled by the Communist Party is certainly relevant to the subject matter of the action and may properly be asked of him.

It is also well established that defendant's conduct and actions subsequent to his naturalization may be relevant in determining whether his statements at the time of naturalization were truthful. United States v. Eichenlaub, 2 Cir., 1950, 180 F.2d 314, certiorari denied 339 U.S. 983, 70 S.Ct. 1028, 94 L.Ed. 1387. The questions which were asked as to defendant's activities subsequent to his naturalization were relevant to the subject matter of the action.

The objections of the defendant to the questions asked of him are overruled, and the defendant is directed to answer the questions set forth in the moving papers. So ordered.