**William HARDY et al., Plaintiffs,**

**v.**

**UNITED STATES STEEL CORPORATION, a corporation, et al., Defendants.**

**Civ. A. No. 66–423–S.**

United States District Court
N. D. Alabama, S. D.

Aug. 2, 1967.

---

Oscar W. Adams, Jr., Birmingham, Ala., Jack Greenberg, Leroy D. Clark, Robert Belton, New York City, for plaintiffs.

James R. Forman, Jr., Samuel H. Burr, Thomas, Taliaferro, Forman, Burr & Murray, Jerome A. Cooper, Cooper, Mitch & Crawford, Birmingham, Ala., for defendants.

## OPINION

LYNNE, Chief Judge.

The plaintiffs have brought this action under Title VII of the Civil Rights Act of 1964, alleging racial discrimination in terms and conditions of employment against themselves and the class which they claim to represent in this suit.

The individual plaintiffs in this case are employed in the Stock House Department of the North Plant of the Fairfield Works of the United States Steel Corporation. With respect to the individual claims of the named plaintiffs, the complaint alleges in substance that the defendants maintain two separate seniority lines in the Stock House Department based on race, that there is a functional relationship between certain jobs in the Negro and white seniority lines of progression, and that the manner in which the Stock House lines of progression are maintained and structured discriminate against the plaintiffs

and the class they represent in violation of Title VII.

The complaint is not clear with respect to the class of Negro employees sought to be represented. Paragraph II states that the action is brought upon behalf of other persons similarly situated employed by the Employer at its mills, plants and all other manufacturing facilities in the State of Alabama and the City of Fairfield and who are members of the United Steelworkers of America Local 1489, AFL-CIO. Paragraph III(B) defines the class as employees employed in the Stock House Department, North Plant of the Employer's Fairfield Works.

Motions to dismiss filed by the defendants brought into question the right of individual plaintiffs to maintain this action as a class action on behalf of other Negroes similarly situated. During the hearing held when this case was called on the Motion Docket, the Court overruled the Motions to Dismiss with respect to the individual causes of action of the named plaintiffs and reserved ruling on the class action question which was a common issue in this and other Title VII suits pending in this court.

This is one of four separate suits filed against the same employer in this Court under Title VII, in each of which the named plaintiffs seek to represent a class of similarly situated Negro employees.[1]

■ The Court has carefully considered and weighed the arguments and authorities concerning the maintenance of a class action in Title VII litigation. The defendants contend that the maintenance of any class action in this suit is incongruous with the basic character of Title VII litigation and that a class action would also be inconsistent with established legal precedents and with the rationale of Revised Rule 23. While the question is not free from doubt, the Court is persuaded, contrary to these contentions, that a properly defined class action in conformity with Rule 23 may be maintained in Title VII litigation.

■ This case is controlled by the recent revision to Rule 23. The thrust of this revision, in the opinion of the Court, requires that the class sought to be represented be defined adequately at the beginning of the lawsuit and that a determination by the Court should be made as soon as practicable prior to trial whether the action is maintainable as a class action; and if so, the class which would be proper in the light of the present status of the pleadings. Such determination conditioned upon a clear definition of the class in the complaint will avoid undue complications or conflicts in subsequent proceedings in this case, as well as in other cases pending against the same defendants and will fairly protect the members of the class. Moreover, any question concerning the binding nature of a judgment rendered in this case with respect to all members of the class will be obviated. Such procedure would appear to be especially appropriate in Title VII litigation.

■ The Court is of the opinion that the complaint in this case does not sufficiently or properly define the class which the plaintiffs seek to represent.

---

1. The other Title VII suits pending in this court against the United States Steel Corporation are as follows:
    (1) C.A. No. 66–343, McKinstry et al. v. United States Steel Corporation, a suit brought by Negroes employed in the Plate Mill Division of the Employer's Fairfield Works.
    (2) C.A. No. 66–625–S, Ford et al. v. United States Steel Corporation, et al., a suit brought by Negroes employed in the Pratt City Car Shops of the Rail Transporation Department of the Fairfield Works.
    (3) C.A. No. 67–121, Brown et al. v. United States Steel Corporation, a suit brought by Negroes employed in the Maintenance of Way Department of the Rail Transporation Division of the Fairfield Works.
The plaintiffs in the *McKinstry, Ford,* and in this case are represented by the same counsel.

Obviously, the class represented in this case cannot include all of the Negro employees employed by the United States Steel Corporation in its Fairfield Works. This conclusion is emphasized by the pendency of three other suits in this court, each of which purports to represent classes of Negro employees employed by the same employer.

It is the Court's opinion that the proper class of Negroes which might be represented by the named plaintiffs in this action would consist of all other Negro employees of the United States Steel Corporation employed in the Employer's Stock House Department, whose promotional and seniority rights are governed by the same seniority lines of progression which the named plaintiffs allege to be structured or maintained in violation of their individual rights under Title VII. Such other Negro employees would be proper members of the class, whether or not they have filed charges with the EEOC and whether or not they are members of the Union. A class defined in such a manner in each of the four pending cases against the same employer will simplify and expedite the trial of these suits. This determination by the Court as to the composition of the proper class in this case may be altered or amended during subsequent proceedings before a decision on the merits.

Therefore, the Court will require the plaintiffs to amend their complaint prior to October 1, 1967 to define with particularity the class of Negro employees whom the plaintiffs seek to represent in this case in order to conform to this opinion, and since the Court believes that there is a real likelihood that this action may be maintainable as a class action only under Subdivision (b) (3) of Revised Rule 23, the Court concludes it to be proper for the Court to comply initially with the notice provisions of Subdivision (c) (2).

For the reasons stated in the foregoing opinion, the following order is hereby entered:

■ This cause having come before the Court upon the motions of the defendant employer and defendant union to dismiss the complaint, the Court having considered the complaint, the motions, briefs and oral arguments of counsel; and the Court being of the opinion that the complaint sufficiently states a claim as to said defendants upon which relief can be granted and that this action should be maintained as a class action, upon the conditions, however, hereinafter stated; it is

Ordered,

1. That the motion to dismiss be and the same is hereby overruled.

2. That this action is to be maintained as a class action; upon condition, however, that the plaintiffs shall file on or before October 1, 1967, an amendment to their complaint defining clearly and with particularity the class which plaintiffs seek to represent in this action, in accordance with the foregoing opinion; and upon the further condition that plaintiffs file with the Clerk of this Court, in writing, the names and addresses of all members of such class, to the best of their knowledge, information and belief.

This order shall be without prejudice to the rights of defendants to seek relief by appropriate motion should said amendment be not filed or fail to designate with particularity a proper class; and without prejudice to whatever rights plaintiffs may have to amend or change the designation of the class which they seek to represent, during the pendency of this action, for proper cause shown.

It further appearing to the Court that the individual defendant, J. M. Duggan, is not a necessary or appropriate party defendant to this action and that full and complete relief can be adjudged herein without his being a party hereto, his motion to dismiss is hereby sustained and this action is dismissed as to said individual defendant.