**Adam BAXTER, Plaintiff,**

v.

**SAVANNAH SUGAR REFINING CORPORATION, Defendant.**

**Civ. A. No. 2304.**

United States District Court
S. D. Georgia,
Savannah Division.

Dec. 9, 1968.
Supplemented Order Jan. 14, 1969.

E. H. Gadsden, Bobby L. Hill, Savannah, Ga., Jack Greenberg, Robert Belton, New York City, for plaintiff.

Robert M. Hitch, Savannah, Ga., for defendant.

## OPINION

LAWRENCE, District Judge.

In this action which is brought under Title VII of the Civil Rights Act of 1964 two areas of interlocutory controversy are involved:

## CLASS ACTION

Rule 23 provides that as soon as practicable after the commencement of an action brought as a class action the court should determine by order whether it is to be so maintained. The judgment shall include and specify the members of the class. The complaint alleges that the class similarly situated to plaintiff consists of all persons employed by Savannah Sugar Refinery Company at Savannah who have been or will be denied equal employment opportunities because of racial discrimination.

Defendant moved to dismiss the class action feature of the case because the class was not defined with the required particularity and precision. The motion was argued on November 27th and this stage of the litigation seems to be an appropriate point for entrance of an initial order respecting class representation.*

Since Oatis v. Crown Zellerbach Corporation, 398 F.2d 496 (as far as the Fifth Circuit is concerned) the grievance procedures before the Equal Employment Opportunity Commission provided for by Title VII of the Civil Rights Act of 1964 do not prevent a class action by an aggrieved employee on behalf of a class of employees including those who filed no grievance. The Court of Appeals for this Circuit went on to hold that such members of a class could join as co-plaintiffs in the action in the District Court. In dealing with the scope of class actions in such cases it ruled that the issues in the litigation are not to be extended beyond the reach of the grievances involved in the complaint to the EEOC. Each of the four plaintiffs in *Oatis* was an employee in a separate department of Crown Zellerbach. The Court considered each such plaintiff to be a proper representative of all Negro employees within his particular department.

On the heels of *Oatis* came Jenkins v. United Gas Corporation, 5 Cir., 400 F.2d 28, a suit brought by an employee whose grievance had not been successfully mediated by EEOC. After the litigation commenced the employer satisfied plaintiff by giving him the desired promotion. The trial court thereupon dismissed the entire case, including plaintiff's class action. Reversing, the Fifth Circuit observed that the complaint was "a model of specificity in plant-wide, system-wide racial discrimination" and sharply disagreed with the "principal thesis" of the District Judge, namely that "no common question of fact exists as to all Negro employees of the defendant, since different circumstances surround their different jobs and qualifications in the structure of the corporation".

*Jenkins* turned on a relatively narrow point and is really only a reaffirmation, with additional emphasis, of what the same Court held in *Oatis*. It cited Hall v. Werthan Bag Corporation, 251 F.Supp. 184, 186 (D.C. Tenn.) to the effect that racial discrimination in employment presents a question of fact common to all Negroes in the class. However, *Jenkins* did not hold that in Title VII cases, as contrasted with school segregation cases, racial discrimination is necessarily against a *class* as a class.

At this point, it might be useful to examine two district court decisions dealing with the determination of classes and sub-classes in equal employment opportunity cases. In Hardy et al. v. United States Steel Corporation (August 2, 1967, N.D., Ala.), 289 F.Supp. 200, Judge Lynne had before him four cases

---

* On the subject of evidentiary hearings on the merits under Rule 23(b) (3) see

each involving discrimination in a separate department of the defendant. He ruled that the named employee-plaintiff in each case would adequately represent all other Negro employees in the department and said that the class represented as so defined would simplify and expedite the trial. There was no appeal. In King v. Georgia Power Co., 295 F.Supp. 943 (August 9, 1968, N.D., Ga.) Judge Smith remarked that "Those aspects of the case dealing with individual redress for the past acts of discrimination are not suited for trial as a class action. The aspects of the case dealing with individual acts of discrimination and seeking individual redress do not support a class action. Whereas, some issues are by their nature well suited to disposition in a class action. For example, the desegregation of comfort facilities or other practices that are company-wide or are particularly suited for trial in a class action."

█ In the present case plaintiff complains of the policy of defendant in maintaining segregated toilet, shower, washroom and locker room facilities. Clearly, in this area of alleged discriminatory practices a class action is not only maintainable by plaintiff but he can fairly and adequately represent the class which is made up of present and future Negro employees of defendant. The only problem here is whether the grievance in question was filed with EEOC and is within the ambit or periphery of Baxter's initial complaint to the Commission. However, that factor may be of no importance. See, in this connection, Oatis, 398 F.2d 496f. In any event, defendant makes no contention as to the matter.

██ The plaintiff brings his class action here on behalf of all Negroes in the plant, complaining that in the several operating departments colored employees are excluded from jobs in classifications other than that of relief operators helpers. As to his standing as representative of a class consisting of all Negro employees in all the operating departments the litigants here are in sharp disagreement. Three years of judicial interpretation makes it plain that no parochiality of approach is acceptable in construing or dealing with Title VII. However, the basic responsibility for determining the extent of a class membership falls upon the trial judge. He must try to keep the class feature of the litigation within reasonably manageable proportions and bounds. He should have a range of discretion in this connection to the extent of expediting trial.

The affidavit made by plaintiff in 1966 and which is presumably the basis of plaintiff's grievance is largely confined to discrimination in the boiler room. However, the scope of an EEOC complaint should not be strictly interpreted. There is probably enough in his grievance to constitute a complaint of racial discrimination which is company-wide rather than confined to his own particular department and his own specific grievance. Plaintiff who is an operator reliefer helper deposed that in nearly fourteen years' service he knew of no Negro employee being promoted to the position of operator or operator reliefer. These are company-wide and not merely boiler room job classifications. Within the requirements of Oatis, plaintiff appears to have standing to raise in this litigation as issues not only his personal grievance but through the class action to seek to remedy discrimination in job promotions in other departments. However, this does not mean that I must find that plaintiff is an adequate and proper representative of such a broad class or classes as he seeks to represent.

There can be little doubt, and I hold, that he is a proper representative of the members of his race in the boiler room operation. Further, he may be a proper representative of a class comprised of all Negro employees of the defendant in all departments or in several departments. However, I shall make no

determination in that respect until I possess fuller factual insight into the operations and employment practices of the Savannah Sugar Refining Company.

■ Discovery procedures in this case reveal that of a total of 587 employees of the Company in 1967, no less than 346 are colored. Yet as far as the record and pleadings instruct me the only aggrievement is the one plaintiff made to EEOC. Allegations in the complaint do not necessarily determine the extent of a class. Any trial lawyer knows that asseveration and fact are sometimes complete strangers. Generally, the specification of class membership should be made by a court with more factual background before it than the complaint itself affords.

■ Assuming existence of silent aggrievement among colored discriminatees in all the operating departments of defendant, I am still not prepared at this time to designate plaintiff as the representative of *all* Negro employees of the defendant as distinguished from the class or sub-class of colored employees in the boiler room. In June, 1968, nine persons were employed there (including Baxter), of whom five were Negroes, one of whom was a colored operator-foreman. For the present, I am going to limit the class part of the action to employees in the boiler room and, consistent herewith, counsel for defendant will present for consideration the formal manner of notice to the members of the class as contemplated by Rule 23(c) (2). I say "for the present" because under Rule 23(c) (1) the order of subdivision of a class may be altered or amended before the decision on the merits. My order has a possible interim status.

The foregoing direction as to the class composition involves no unfairness or hardship upon anyone since the scope of the class can be broadened if it should be found to be too much restricted. Other grievances, additional party plaintiffs or intervenors are considerations which would require re-examination and reappraisal of my preliminary determination and they are not exhaustive of the causes underlying possible subsequent alteration of this class definition.

Before or at the hearing on the injunction plaintiff will have opportunity for factual demonstration of any error in my thinking as to the class phase and as to my definition as of now of the class represented by Baxter. If so convinced of error, the case would proceed with a broadened class base.

In the light of these observations and rulings, the motion to dismiss the class suit is partly sustained and partly overruled.

## OBJECTIONS TO INTERROGATORIES

At the argument it was agreed that defendant's objections to Interrogatories 7–11 were tied in with the issue concerning identity of the class. It was suggested by someone during the hearing that if the class was restricted as contended for by defendant, the objections to the Interrogatories would be well taken. This is not correct in the light of the conditional nature of my order as to class specification.

In the Interrogatories complained of plaintiff sought information as to the number of Negroes employed in the main office or headquarters; data as to job classifications and hourly compensation rates together with the number of Negroes employed in each; the number of supervisory Negro employees, and the names and dates of employment of all supervisory employees in each job classification.

Defendant objected on the grounds, among others, that questions 7–11 do not involve the subject of charges with or mediation by the EEOC. They were also challenged because they seek confidential business information.

Plaintiff argues that the subject matter of the action rather than the legal issues governs discoverability. See Patton v. Southern Bell Tel. & Tel. Co.,

38 F.R.D. 428, 429 (N.D. Ga. 1965), citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); 4 Moore, Federal Practice, ¶ 26.15, p. 1171 (2nd ed. 1967); United States v. Boano, 16 F.R.D. 379 (S.D. N.Y. 1954).

██ The "private Attorney General" concept of Title VII actions renders a suit like this "perforce a sort of class action for fellow employees similarly situated". *Jenkins,* 400 F.2d 33. The plaintiff here is entitled to seek an injunction to prevent future discriminatory practices by the defendant in the line of job progression in all departments. However, as I previously indicated, back pay awards or mandatory promotions would be confined to the plaintiff himself and the restricted class he represents.

█ In my opinion, the data and information sought in the Interrogatories is germane to plaintiff's right generally to enjoin similar discrimination. It is equally pertinent to his right to personal relief. If discrimination is practiced in other operating departments, evidence thereof would point to its existence in the boiler room.

█ Defendant also objects because the Interrogatories seek data which constitute confidential business information. In referring to "privileged" matter which would be beyond the reach of discovery Rule 33 appears to exclude only professional communications, trade secrets and matters of public interest.

Commendably, plaintiff's counsel says that he does not wish to require disclosure of confidential information which would be harmful to defendant's competitive position in the industry. While I think that the objections based on the ground that Interrogatories 7–11 require revelation of confidential business information are without legal merit, I will entertain a proposed form of protective order limiting the scope of the answers. Subject to this suggestion, plaintiff's motion to compel answers to these Interrogatories is sustained.

## SUPPLEMENTAL ORDER

That portion of the supplemental order in Hayes et al. v. Seaboard Coast Line Railroad Company et al., D.C., 46 F.R.D. 55 which deals with class notice is equally applicable to the above entitled action. By reference the supplemental order in that respect in Hayes is adopted as the order of this Court in Baxter. The motion by plaintiffs to alter or amend the requirement of notice to members of the class as required in Rule 23(b) (3) actions is denied.