**Henry BRADLEY, Plaintiff,**

v.

**SOUTHERN PACIFIC COMPANY, Inc. and Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, Local 589, Defendants.**

**Civ. A. No. 68–H–1079.**

United States District Court, S. D. Texas, Houston Division.

July 8, 1970.

MEMORANDUM:

CONNALLY, Chief Judge.

*On Plaintiff's Motion to Amend*

This is an action under Title VII of the Civil Rights Act of 1964 (42 U.S. C.A. § 2000e et seq.). The plaintiff is Henry Bradley who at the time of the institution of the suit was an employee of Southern Pacific Company, Inc. He sues the employer and the local union of which he was a member. He contends that as a Negro employee of the defendant in the Mail Room of the defendant he was classified as a "Mail Porter"; although it is further alleged that he performed clerical duties which would have entitled him to a higher salaried position. He contends that there was a practice of discrimination against Negro employees by classifying them as Mail Porters when they should have been classified as "Mail Clerks", which latter positions were primarily restricted to whites. Apparently, he followed the prescribed administrative procedures and the action was timely filed here December 31, 1968.

On August 1, 1969, plaintiff was retired from his employment with the defendant.

By the amended pleading which he seeks to file, plaintiff undertakes to convert the foregoing into a class action on behalf of all those who are presently employed, have been employed, or in the future may be employed by Southern Pacific Company in the following departments located in Houston, Texas: Accounting, Freight Accounts, Freight Claim, Duplicating, Regional Bureau, Houston Collections, Time Keeper, Central Operating, Freight Traffic, Chief Engineers and Transportation.

Mindful as I am of the holdings of the Court of Appeals of this Circuit in Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (1968), and the cases which follow it as Jenkins v. United Gas Corporation, 400 F.2d 28 (5th Cir. 1968) and Miller v. International Paper Company, 408 F.2d 283 (1969), under the peculiar circumstances of this case I feel the amendment is inappropriate and decline to allow it.

In *Oatis*, a single plaintiff who had followed the administrative procedures and complied with the strict limitation periods filed his action alone. He thereafter was joined by three individuals who had not so complied, and likewise asserted an action on behalf of the class of which he was a member. The Court of Appeals in allowing the amendment recognized that those individuals who had a similar complaint to that of the plaintiff (use by the employer of segregated locker rooms) need not go through what apparently would be a useless administration procedure and could join; and held further that a class action might be maintained if (a) the requirements of Rule 23, F.R.Civ.P. were met and (b) if the issues to be considered were those properly asserted by the original plaintiff in the E.E.O.C. charge and in the complaint.

It is for these reasons that I consider the present amendment to be deficient. First, the plaintiff here since initiation of the action has been retired. His position as an active employee is no longer the same as when the complaint was filed and the action initiated. Whether the issues which he may raise, and the relief which he may seek are common to those of present or future employees is subject to serious question. There is no showing that the claims or defenses of Bradley are typical of the claims or defenses of the class [(a) (3) of Rule 23]. There is further in my mind serious doubt that he is a proper party who will fairly and adequately protect the interests of the class [(a) (4) of Rule 23]. Further, I consider the petition to be too all-inclusive in undertaking to represent employees of the various other departments. The plaintiff's complaints have to do with alleged practices which prevailed in the Mail Room, and nowhere else. There is no reason to believe that a similar situation prevailed in the various other departments of Southern Pacific mentioned above. If there be such complaints emanating in the other departments, perhaps they would lend themselves to adjustment before the E.E.O.C., as contemplated by the statute. While a multiplicity of suits is to be avoided wherever possible, this desirable end should not be used to defeat the statutory purpose of providing for administrative measures wherein it is sought to reconcile the differences which may exist by arbitration and adjustment.

Leave to file the amended complaint is denied. Clerk will notify counsel.