**AMALGAMATED MEAT CUTTERS & BUTCHER WORKMEN OF NORTH AMERICA, AFL–CIO, LOCAL 340, et al., Plaintiffs,**

v.

**SAFEWAY STORES, INC., Defendant.**

**Civ. A. No. W–3915.**

United States District Court,
D. Kansas.

Jan. 25, 1971.

Russell Cranmer, Michaud & Cranmer, Wichita, Kan., for plaintiffs.

Darrell D. Kellogg, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, Kan., for defendant.

## ORDER REJECTING PROPOSED COMPROMISE AND SETTLEMENT

THEIS, District Judge.

This litigation arises as a result of rejection by the Safeway Stores of a complaint filed with the Equal Employment Opportunity Commission by the plaintiff Union, and three individual employee members thereof, on behalf of all female employees as a class in certain classifications of the meat-packing and meat-handling department, and conciliation efforts relative to the charge against the defendant Company. The gist of the complaint before the Equal Employment Opportunity Commission, and now this Court, is that there existed a discriminatory differential in job pay for the same type of work between men and women employees of the defendant Company, contrary to the provisions of 42 U.S.C. § 2000e–5(e) of the Civil Rights Act of 1964.

As a result of negotiations between counsel for the named and identifiable plaintiffs and the defendant, a proposed compromise and settlement was worked out which was rejected by the Court as excluding a portion of the membership of the potential class, and being based on a defective and inadequate notice.

On January 25, 1971, this matter came on before the Court a second time pursuant to adequate and legal notice to all members of the potential class, and again the substantially same proposed compromise and settlement as to financial amount was presented to the Court. At this hearing there appeared counsel for the Union and named individual plaintiffs, and the defendant Company, as well as a number of dissenting class members who opposed the offered compromise and settlement.

An examination of the file indicates to the Court that there are approximately twenty-two members of the Class who feel the compromise is grossly unfair and should be rejected, and among these persons is one of the named individuals who was originally allowed to intervene as an individual representative of the Class, namely, Ruby Henderson. The total maximum Class comprises some eighty-five possible persons. A sealed envelope, which the Court has not at this time opened, contains a number of undelivered notices in letters addressed to members of the Class.

The proposed compromise and settlemen purports to take into consideration all hours worked by the female members of the Class at a figure of seven cents per regular hour, less tax deductions, such regular hours to be divided into the $10,000.00 gross settlement, less accumulated tax deductions, to Class members on the basis of hours worked. Several of the objectors indicate that the Company's records showing hours worked, necessarily include overtime hours, for which they would have been entitled to receive time and a half, or ten and one-half cents per hour. Apparently this

consideration was not included in the computation when the parties discussed the possible compromise and settlement.

While the written briefs before the Court, and the statements of counsel in court, negate the fact that the lawsuit filed here may have been used as a lever or pressure tool to procure a new Union contract in which men and women are granted equal pay for the same work, there was some indication from at least one or more of the dissident Class members that such was not the case.

Certainly the attorneys for the defendant Safeway have no other obligation or loyalty other than to the defendant company, as employer. However, counsel for the plaintiffs has appeared in a dual capacity—that is, both the Union's attorney and attorney for the Class members. It is apparent from the communications in the file, as well as the expressions in open court, that the interests of the Union as a plaintiff, and the interests of at least a portion of the members of the Class are in conflict and not identical. It appears to the Court that even if the compromise were approved by the Court, there is a likelihood that some of the dissident members of the Class might perfect an appeal, which, as the Court sees it, they would have a perfect right to do.

It likewise appears to the Court from an examination of the file, that perhaps the questions of fact and law before the Court are not as involved or difficult of finding a solution as may have been indicated by the proponents of the compromise and settlement. This is especially so in several particulars where it would seem to be apparent from the contentions that at least a portion of the male and female employees were performing the same employment tasks at a different pay scale, and the fact that the plaintiff Union and the defendant company have now entered into a contract ending all differentials between male and female employees within certain job classifications which might well be considered by the Court as an admission against interest, tending to prove prior status as to job discrimination.

There does seem to be one area of uncertainty—that the personnel in certain female job classifications are included in the compromise who were not included in the original complaint made to the Equal Employment Opportunity Commission in the amended charge made on November 14, 1966, and if a filing or inclusion of every job category before the Commission is a condition prerequisite to court action to establish job discrimination, then it may be held they cannot be beneficiaries of this class suit. See Oatis v. Crown Zellerbach Corporation, 398 F.2d 496 (5 Cir. 1968), the leading case; Colbert v. H–K Corporation, Inc., 295 F.Supp. 1091 (D.C.1968); and Baxter v. Savannah Sugar Refining Corporation, 46 F.R.D. 56 (D.C.1969). Final decision is reserved in this area for future determination by the Court after further briefing and argument by the parties.

The Court notes further that under Rule 23 of the Federal Rules of Civil Procedure, the maintenance and procedure of class actions is set out in some detail, and that dismissal and compromise of such an action, once allowed to be filed, may not, under Rule 23(e), be made without the approval of the Court.

The case of Norman v. McKee, 290 F.Supp. 29 (D.C.1968), cited by the defendant company in support of the proposition that compromise should be encouraged and given considerable weight, does, on the contrary, indicate that a court, in considering a compromise of litigation in a class action suit, should move slowly and guardedly, and that the court is in the role of a third party to the compromise, or guardian of the absent parties and of the fund as a whole; that the absence or silence of class parties does not relieve the judge of his duty and, in fact, adds to his responsibility; and that the burden is upon the proponents of the settlement to show that the settlement is fair and reason-

able, having in mind the likely results of litigation as compared with the consideration received for not going forward with it.

 In sum, it would appear to the Court that there are so many obtruding facts and factors auguring against approval of this compromise and settlement, that in fairness to all members of the Class, it should be rejected.

 While the Court has the utmost confidence in the integrity of the counsel before the Court, it does appear that there may be presently involved some conflict of interest, and in order to resolve and obviate any possibility of such conflict, the Court proposes, under 42 U.S.C. § 2000e–5(e), to appoint independent counsel for the dissenting members of the Class, and direct that the litigation be continued through trial and judgment of the Court, unless a fruitful and acceptable compromise is hereafter effected by all potential parties and counsel, including counsel for dissenting Class members, and approved by the Court.

The Court hereby designates and appoints Terry O'Keefe, a member of the Bar of this Court, to be counsel for and represent the dissenting members of the Class of plaintiffs in this cause.