Marshall WHITE, Plaintiff,

v.

The GATES RUBBER COMPANY,
Defendant.

Civ. A. No. C-2786.

United States District Court,
D. Colorado.

July 28, 1971.

Barnes & Jensen, by Frederick Miles,
Denver, Colo., for plaintiff.

Dayton Denious, William P. Denious
and Robert J. Kapelke, Denver, Colo.,
for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 2000e et seq., Title VII of the 1964 Civil Rights Act. The plaintiff was discharged by the defendant Gates Rubber Company (Gates), and filed a charge with the EEOC alleging racial discrimination as the reason for the discharge. The plaintiff was notified on December 10, 1970, that voluntary compliance had not been achieved by the EEOC and that he was entitled to bring this suit. The plaintiff's complaint attempts to establish this as a class action, the class being that composed of "Negro and Spanish Surnamed persons who have been discharged, who are employed, or might be employed, by The Gates Rubber Company." In essence, this action is an attempt by the plaintiff to challenge all employment practices of defendant Gates, including hiring, firing, promotion, compensation and terms of employment. This action is now before the court pursuant to its decision of April 1, 1971, to treat the motion for a determination that this action cannot be maintained as a class action as a motion for dismissal and for summary judgment.

■ It is well settled that Title VII suits can be vehicles for class actions, Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968), but it is not clear when class actions will be permitted nor what class will be considered appropriate by the court. Obviously, in any attempt to maintain a class action the requirements of Rule 23 must be met. Consequently, it is necessary to examine those requirements.

The first requirement is numerosity. It can be assumed for the moment that this requirement is met. If the class to be represented in this action is that described by the plaintiff, the number would obviously prohibit joinder. If, on the other hand, the class is to be limited, there will be ample opportunity to determine the number of persons involved and to proceed accordingly. Baxter v. Savannah Sugar Ref. Co., 46 F.R.D. 56, 60 (S.D.Ga.1968).

■ The second requirement is one of common questions of law or fact. It appears that in the Fifth Circuit this requirement is met by an "across the board" attack on employment practices, with the allegation of racial discrimination constituting a common question of fact. E. g., Carr v. Conoco Plastics, Inc., 423 F.2d 57, 63 (5th Cir. 1970). However, this approach seems to be overbroad, because it substitutes a conclusory accusation for the actual similarity of grievances which the rule would seem to require. Hyatt v. United Aircraft Corp., 50 F.R.D. 242 (D.Conn. 1970). In a situation such as the one here it would be necessary to examine each instance of hiring, firing, promotion and the like to determine whether or not the action was justified before any conclusions could be reached as to a general practice of the defendant. See Bonner v. Texas City Ind. School Dist., 305 F.Supp. 600, 617 (S.D.Tex.1969). The problem is similar to that posed in Reddix v. Lucky, 252 F.2d 930 (5th Cir. 1958), in which the plaintiffs alleged a discriminatory "purge" of the voter registration lists. The court found that the necessity for "each voter [to] allege and prove the circumstances that might add up to an illegal purge, makes it inappropriate, if not impossible, for a single plaintiff to represent them in a class action." Id. at 938. This reasoning would seem to apply equally well in an employment practices case, since the only method of proving discrimination would ordinarily be proof of a statistical trend.

■ However, even if racial discrimination, taken alone, constitutes a common question of fact, the requirement of adequate representation needs to be met. As to this requirement the plaintiff relies on Carr v. Conoco Plastics, Inc., 423 F.2d 57 (5th Cir. 1970). There the

court permitted plaintiffs, who had allegedly been denied employment, to challenge the internal employment practices of the defendant as well as its hiring policies. "Envisioning an equal opportunity for employment, plaintiffs have the correlated right to enjoy nondiscriminatory practices within the plant." *Id.* at 65. Plaintiff's reliance on this language is not well-founded. The plaintiffs in *Carr* had expressed every intention of going to work for the defendant, and the court was obviously addressing the situation in which the plaintiffs would be immediately affected by the defendant's internal practices. The holding in *Carr* may well be correct, but it should be read in the context of its facts. When the plaintiffs have a sufficient stake in the challenged practices to make them adequate representatives then an actual grievance arising from those practices may not be necessary. In this case, however, White has no such stake. He has not asked for reinstatement and he apparently has no intention of returning to work at Gates. Consequently, we "cannot assume * * * that plaintiff will fairly and adequately represent the interests of other Negroes who were [allegedly] discriminated against in such areas as job assignments, overtime, or vacations." Burney v. North American Rockwell Corp., 302 F.Supp. 86, 90 (C.D.Cal. 1969). Indeed, it appears that White, rather than being aggrieved by the employment and promotion practices of Gates, was given unexceptionable treatment in both areas. This fact would have little bearing on plaintiff's bringing the claim of discriminatory firing, but it does not make him an adequate representative of the general class he claims to represent. Consequently, it would appear that a more appropriate class would be those minority employees who have been discharged by Gates for reason of their race or color. Numerous cases have similarly limited the class to be represented because of the plaintiff's qualifications and personal grievances. Baxter v. Savannah Sugar Ref. Co., 46 F.R.D. 56, 59–60 (S.D.Ga. 1968); Newman v. Avco Corp., 313 F. Supp. 1069, 1071 (M.D.Tenn.1970); Hardy v. United States Steel Corp., 289 F.Supp. 200, 203 (N.D.Ala.1967); Bradley v. Southern Pac. Co., 51 F.R.D. 14, 15 (S.D.Tex.1970); Butler v. Local No. 4, 308 F.Supp. 528, 532 (N.D.Ill.1969). Because the plaintiff in this case has no personal complaint against the internal employment practices of Gates, and because he has no stake in the alleviation of any illegal practices other than firing, he cannot be considered a proper representative of the entire class of minority employees. Therefore the motion of the defendant to dismiss is granted as to the claims for relief for minority employees who are presently employed.

Before determining the ability of the plaintiff to maintain this action as a class action representing those minority employees who have been discharged by Gates, it is necessary to discuss the typicality requirement of Rule 23(a) (3).

This requirement has never been discussed in any detail, but it has frequently been treated as being identical to the requirements of common questions, Green v. Wolf Corp., 406 F.2d 291, 299 (2d Cir. 1968); Hyatt v. United Aircraft Corp., 50 F.R.D. 242, 247 (D. Conn.1970), or of adequate representation, Moss v. Lane Co., 50 F.R.D. 122, 124 (W.D.Va.1970). Often the requirement is not discussed at all. Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968). The closest courts have come to giving this requirement an independent meaning is a finding that it requires an absence of any conflict between the interests of the plaintiff and others in the class. Mersay v. First Republic Corp., 43 F.R.D. 465, 468–469 (S. D.N.Y.1968); Cannon v. Texas Gulf Sulphur Co., 47 F.R.D. 60, 63 (S.D.N.Y. 1969); Weiss v. Tenney Corp., 47 F.R. D. 283, 290 (S.D.N.Y.1969). Obviously,

the "no conflict" interpretation is in essence another form of the requirement of adequate representation.

This court is of the opinion that none of these readings of the typicality requirement is sufficient. It should be apparent that treating the requirement as identical to those of common question or adequate representation renders the requirement meaningless. It is difficult to accept the conclusion, which must follow from any of these readings, that the requirement serves no independent purpose. A more reasonable reading of the requirement would seem to entail the necessity of demonstrating that there are other members of the class who have the same or similar grievances as the plaintiff. It seems apparent that a claim cannot be typical of the claims of a class if no other member of the class feels aggrieved. *See* Baxter v. Savannah Sugar Ref. Co., 46 F.R.D. 56, 59–60 (S.D.Ga. 1968); Hyatt v. United Aircraft Corp., 50 F.R.D. 242, 247 (D.Conn.1970). Neither *Baxter* nor *Hyatt* has articulated this proposed reading of the typicality requirement, but both demonstrate an awareness of the need for grievances throughout the class. A similar unarticulated feeling can be detected in most of the cases dealing with Rule 23, and in this context a limited connection between the requirements of typicality and common question is appropriate. However, rather than determining whether the typicality *and* common question requirements are met, courts have concluded, from a finding that a common question would exist if there were claims throughout the class, that the claims are typical. In other words, the fact that hypothetical claims would be similar is considered sufficient justification for finding the plaintiff's claim to be typical. *See, e. g.*, Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968).

Since the typicality requirement must be given an independent meaning, we are of the opinion that it requires the plaintiff to demonstrate that other members of the class he purports to represent have suffered the same grievances of which he complains. The plaintiff is required to show that his action meets the prerequisites of a class action. Demarco v. Edens, 390 F. 2d 836 (2d Cir. 1968); Tippett v. Liggett & Myers Tobacco Co., 316 F.Supp. 292 (M.D.N.C.1970); Male v. Crossroads Assoc., 320 F.Supp. 141 (S.D.N. Y.1970). Consequently, it will not be unduly burdensome for the plaintiff to demonstrate the presence of other complaints. How the plaintiff is to meet this burden need not be determined now. Any method of demonstrating that some members of the class to be represented share the plaintiff's grievances would be acceptable, whether by affidavit, by enumerating charges filed with the EEOC but not followed by private suits, or by some other means. This conclusion does not challenge those cases which have held that a single plaintiff can adequately represent a class, *e. g.*, Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 498–499 (5th Cir. 1968). Rather, it is an attempt to assure that there is in fact a class needing representation. The court today simply holds that the plaintiff will not be permitted to maintain a class action unless he can demonstrate that his complaint is typical of the class. Consequently, the motion of the defendant to dismiss is granted as to the claims for relief for minority employees who have been discharged, but is granted without prejudice to resume the action as a class action if the typicality requirement is met.

It is apparent from the record that the individual has stated a claim upon which relief can be granted and that there are disputed questions of fact. It is therefore ordered that the defendant's motion for dismissal and for summary judgment be and the same hereby is denied as to the individual plaintiff.