**Serena FUJITA et al., Plaintiffs,**

v.

**SUMITOMO BANK OF CALIFORNIA et al., Defendants.**

**No. C 73–2311 WTS.**

United States District Court, N. D. California.

Dec. 9, 1975.

Gene Lam, Legal Aid Society of Alameda County, Oakland, Cal., Eugene Tomine, Asian Law Caucus, Inc., Oakland, Cal., and Mary C. Dunlap, Equal Rights Advocates, Inc., San Francisco, Cal., for plaintiff.

Cerf, Robinson & Leland, San Francisco, Cal., for defendants.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1974 (42 U.S.C. § 2000e et seq.) and 42 U.S.C. § 1983 by plaintiffs Mary and Margaret Simonton and Serena Fujita,[1] former female employees of defendant Sumitomo Bank of California (hereinafter, Sumitomo), against Sumitomo and four individual officer and manager employees of Sumitomo,[2] alleging discrimination on the basis of sex. Plaintiffs bring this action on behalf of themselves and all other women similarly situated, seeking declaratory

1. Pursuant to a prior Memorandum of Decision filed 12/3/74, Plaintiff Fujita's individual Title VII claims were dismissed, and her individual claims remain in the action only insofar as they are brought under 42 U.S.C. § 1983.

2. The individual defendants are as follows: Ichiya, Kumagai, President and Chairman of

and injunctive relief as well as punitive and compensatory damages.

The case is now before the court on plaintiffs' motions for class certification pursuant to Rule 23, Fed.R.Civ.P., and for bifurcation of trial proceedings.

## THE RECORD

The record before the court relating to the pending motion consists of the unverified amended complaint (filed 1/8/74) and certain evidentiary matter outside the pleadings as follows:

Plaintiffs' Affidavit of Lam (attached to Doc. No. 46); Affidavits of Fong (Doc. No.'s 49 & 51); Affidavits of Fujita, Lam, Hicks, Kawamoto, Kilner, Gustin, Shinoda & Bodhiprasart, with attached Exhibits A and B (attached to Doc. No. 66); Affidavit of Minami (Doc. No. 68); Affidavits of Lam (Doc. No.'s 71 & 72);

Defendants' Affidavit of Hanyaku with attached Exhibits A–C (attached to No. 55); Affidavits of Parachini (attached to Doc. No. 55 and Doc. No. 75).

## THE PROPOSED CLASS

Plaintiffs seek to represent a class of plaintiffs defined as follows:

(1) All female residents and citizens of the State of California desirous of employment with defendant Sumitomo Bank but who are discouraged from doing so on account of the reputation of defendants for discriminatory employment practices.

(2) All female employees of defendant Sumitomo Bank who have been denied opportunity for advancement and promotion equal to that of male employees of said Sumitomo Bank.

(3) All female employees of defendant Sumitomo Bank who have been

the Board of Sumitomo; Minoru Ueda, Manager of the Oakland Branch Office of Sumitomo; Kunio Kabuto, former President of Sumitomo; Hiro Akahoshi, Operations Officer of the Oakland Branch Office.

hired at employment grades and certain levels lower than that of equally or less qualified male employees.

(4) All female residents and citizens of the State of California who have been denied in the past, are being denied in the present, or will be denied in the future equal employment opportunities by defendant Sumitomo Bank on the basis of their sex. (Plaintiffs' Memorandum in Support of Class Certification, Doc. No. 46, p. 7).

## COMPLAINT

The complaint alleges, in substance and effect, that defendants engage in a general pattern of sexual discrimination by relegating women employees to lower-level positions than equally qualified male employees and by failing to hire or to promote women employees into Officer Trainee Programs.

With respect to Mary Simonton, it is further alleged that, after having been employed for 3 years at the Bank of America, she was hired by Sumitomo in 11/72 as a teller clerk at Sumitomo's Oakland Branch; that plaintiff inquired of defendant Ueda about the possibility of being admitted into the Officer Trainee Program and was told that no such program existed; that, in her daily work, plaintiff was treated unequally with men for similar achievements; that, in 11/72 and 11/73, plaintiff confronted defendants about defendants' allegedly discriminatory policies with respect to parking privileges and job segregation; that, in 2/73, plaintiff was reprimanded by defendants for attempting to develop new banking skills on her own time; that, on 4/13/73, plaintiff was fired with an explanation that the "Head Office" had ordered a cut-back at the Oakland Branch.

With respect to plaintiff Margaret Simonton, it is alleged that she was hired by Sumitomo in 3/70 as a teller at Sumitomo's Oakland Branch; that she continued to be employed in that capacity until 10/72, when she returned to school and became a part-time employee of Sumitomo; that plaintiff twice inquired about the Officer Trainee Program and was told that the "Head Office" hired and placed persons in the program and that there were no qualified women for the program; that, on 4/13/73, plaintiff was fired with an explanation that the "Head Office" had ordered a cut-back in part-time employees at the Oakland Branch.

With respect to Plaintiff Serena Fujita, it is alleged that she was hired by Sumitomo in 3/73 as a teller at Sumitomo's Oakland Branch; that, in 8/73, plaintiff inquired about the Officer Trainee Program and was told by defendant Akahoshi that she could never become an officer because she was a woman and, as such, was hired only as a teller; that, in 10/73, plaintiff requested three weeks leave without pay, but that defendant Ueda informed plaintiff that she would not be permitted to take such leave, inasmuch as she had previously missed three weeks of work due to a miscarriage; that plaintiff resigned from her position with Sumitomo in 10/73.

## EVIDENTIARY RECORD

The evidentiary matter outside the pleadings shows that, "given the right circumstances", plaintiff Mary Simonton might possibly accept re-employment with Sumitomo but that, if she had her choice, she would prefer to work for another bank (Dep. of Mary Simonton, pp. 67–68); that, as of 2/5/74, plaintiff Fujita was still in school and was not actively seeking employment (Dep. of Fujita, p. 39); that, as of 4/13/73—the date upon which the Simontons were discharged, women comprised: 63% of Sumitomo's total work force, 16% of the total number of officer employees, and 9% of the total number of employees in the Officer Trainee Programs; that, as of 3/18/75, women comprised 7.6% of the total number of employees who had participated in the Officer Trainee Program (Affidavit of Lam, attached to Doc. No. 46); that, within the last five years, women have comprised 28% of the tellers who have been promoted to officer posi-

tions; that the Manager of Sumitomo's Personnel Department is responsible for the promotion of Sumitomo employees and that his promotional decisions are based upon reports submitted to him by the Branch Managers (Dep. of Hanyaku), that the Personnel Department is charged with the administration of Sumitomo's policies with respect to recruitment, hiring, training and promotion (Ans. to Interrog. 60B–D and 601, Doc. No. 33); that the Branch Managers are responsible for hiring and firing individual employees (Ans. to Interrog. 11E Doc. No. 33).

## MERITS

■ As previously stated by this court in a Memorandum of Decision filed December 9, 1975, in *Piva v. Xerox Corporation,* 70 F.R.D. 378, Title VII actions may be maintained as class actions only if the court finds that each of the requirements of Rule 23, Fed.R.Civ.P., is satisfied.

### Rule 23(a)

With respect to the numerosity requirement of Rule 23(a)(1), there is no dispute in the instant action that the proposed class is so numerous as to make joinder impracticable.

With respect to the commonality and typicality requirements of Rule 23(a)(2) and (3), the contentions of the instant parties and the cases cited in support thereof are, in substance and effect, the same as those of the parties in *Piva v. Xerox Corporation, supra,* and, therefore, we hereby incorporate by reference those portions of our Memorandum of Decision in *Piva* which discuss the requirements of Rule 23(a)(2) and (3).

Applying the majority "across the board" approach to this action, we conclude that the claims of Mary and Margaret Simonton are common to and typical of the claims of future, present and other former female employees of Sumitomo employed as tellers and clerks and claiming discrimination with respect to hiring, compensation, training, promotion and termination. We do not, however,

find sufficient "nexus" for the individual claims to be considered common to or typical of the similar claims of females formerly or presently employed by Sumitomo as officers.

Plaintiffs further contend that their individual claims are common to and typical of the claims of similar claims of class members as to each of Sumitomo's 21 Branch Offices in the State of California. The record presently before the court shows without dispute that, although decisions concerning the hiring or firing of individual employees are made by the various Branch Managers, Sumitomo's "policies" with respect to hiring, recruitment, training, transfer and promotion are administered by Sumitomo's central Personnel Department, and final decisions concerning individual employee promotions are made by that Department. Further, there is statistical evidence which, although not necessarily conclusive, supports plaintiffs' claims of company-wide discriminatory practices, and there is no evidence showing that the practices complained of by plaintiffs are confined exclusively to the Oakland Branch Office.

■ We therefore find that plaintiffs' claims are common to and typical of claims arising with respect to all of Sumitomo's Branch Offices in California, but we reserve, however, the power to reconsider the geographical scope of the class upon grounds of *manageability.*

■ With respect to the adequacy of representation requirement of Rule 23(a)(4), we find that plaintiffs' counsel is sufficiently competent and able to conduct the litigation effectively; that the action is not coercive; and that plaintiffs' interests are not antagonistic to those of the remainder of the class.

Defendant contends, however, that, inasmuch as the instant individual plaintiffs do not seek reinstatement, they have an "insufficient stake" in present or future conditions of employment to adequately represent a class of present and future employees seeking to reform present and future hiring policies and

working conditions, citing *White v. Gates Rubber Co.,* 53 F.R.D. 412 (D.Colo.1972); *Jenkins v. General Motors Corp.,* 354 F.Supp. 1040 (D.Del.1973); *Taliaferro v. State Council of Higher Education,* 372 F.Supp. 1378 (E.D.Va.1974); *Campbell v. Thrasher Lumber Co.,* C 71–1106 OJC (N.D.Cal. 3/22/73); *Burney v. North American Rockwell,* 302 F.Supp. 86 (C.D. Cal.1969).

Plaintiffs contend that they can adequately represent future and present employees regardless of whether or not they seek reinstatement, citing *Reed v. Arlington Hotel Co., Inc.,* 476 F.2d 721 (8th Cir. 1973); *Penn v. Stumpf,* 308 F.Supp. 1238 (N.D.Cal.1972); *N.O.W. v. Bank of California,* 5 EPD ¶ 8510 (N.D. Cal.1973); *Smith v. Union Oil Co.,* C 73–1636 (N.D.Cal.1975).

■ Assuming *arguendo* that plaintiffs do not seek reinstatement in this action, we are nevertheless persuaded by the recent decision of the Fourth Circuit in *Wetzel v. Liberty Mutual Insur. Co.,* 508 F.2d 239 (4th Cir. 1975), to the effect that the fact that a former employee is not entitled to reinstatement is only one of the circumstances to be considered in determining whether the former employee is an adequate class representative within the meaning of Rule 23(a)(4), and further, that former employees, who are familiar with the employer's employment practices and who are free from any possible coercive influence on the part of the employer, may well be better situated than job applicants or present employees to present an "intelligent and strongly adverse case against the employer's alleged discriminatory practices." If we were to decide otherwise, as stated by the court in *Wetzel,*

> . . . employers would be encouraged to discharge those employees suspected as most likely to initiate a Title VII suit in the expectation that such employees would thereby be rendered incapable of bringing the suit as a class action. 508 F.2d at 247.

Accordingly, we find that plaintiffs adequately represent the class as above-defined, within the meaning of Rule 23(a)(4).

## Rule 23(b)

Plaintiffs in the instant action seek certification of the proposed class under both Rule 23(b)(2) and 23(b)(3).

■ For the reasons stated in this court's Memorandum of Decision in *Piva v. Xerox Corporation, supra,* we conclude that the action may be maintained under Rule 23(b)(2), and, inasmuch as Rule 23 provides that only one subsection of Rule 23(b) must be satisfied, we decline at this time to decide whether the action may also be maintained under Rule 23(b)(3).

## Rule 23(c)

Defendants further contend that plaintiffs failed to bring this motion for class determination "as soon as practicable" after commencing the action, within the meaning of Rule 23(c)(1).

■ Upon a review of the instant record, we are unable to conclude that any delay in the progress of this action or the bringing of this motion, which is exclusively attributable to plaintiffs, is sufficient to warrant the denial of class certification. We further note that the language of Rule 23(c)(1) does not place the burden of expeditiously raising the issue of class certification solely upon the plaintiff, and conclude that defendants have an equal opportunity and obligation to raise this issue "as soon as practicable."

■ Finally, plaintiffs further seek bifurcation of the instant trial proceedings. We conclude, again for the reasons stated in our Memorandum of Decision in *Piva v. Xerox Corp., supra,* that the trial in this action should be bifurcated in order to permit the court to determine the issues of liability and injunctive relief before addressing the more difficult manageability questions relating to the litigation of individual back pay awards.

412

## ORDER

For the reasons hereinabove stated, it is hereby ordered that plaintiffs' motions for class certification and bifurcation of trial proceedings should be, and hereby are, granted and that the class certified. for the purpose of seeking injunctive relief shall be as follows: All women residents of the State of California who have been employed by Sumitomo Bank or who have applied for but been denied employment by Sumitomo as tellers and clerks in Sumitomo's Branch Offices in California; all women who are now so employed; all women who may in the future be so employed or who may in the future apply for but be denied such employment, and which groups of women have been, are being or may in the future be discriminated against on the basis of their sex by defendants' practices with respect to hiring, compensation, training, promotion and termination.

This order of certification is made "conditional", within the meaning of Rule 23(c)(1) and further made subject to reconsideration of the issue of manageability.