Bobby BRUNSON, Elizabeth Brunson and Ellis Brunson, by McQueen Brunson, their father and next friend, and Tisbia E. Delaine, a Minor, by Leo Delaine, her father and next friend, and Eloise Felder, a Minor, by Nora Felder, her mother and next friend, et al., Appellants,

v.

BOARD OF TRUSTEES OF SCHOOL DISTRICT NO. 1 OF CLARENDON COUNTY, SOUTH CAROLINA, L. B. McCord, County Superintendent of Education, C. E. Buttes, District Superintendent of Education, W. C. Sprott, Chairman, Board of Trustees, C. N. Plowden, W. A. Brunson, J. W. Sconyers and L. Richardson, Members of the Board of Trustees, Appellees.

No. 8727.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 26, 1962.

Decided Dec. 7, 1962.

Matthew J. Perry, Columbia, S. C. (Jack Greenberg, James M. Nabrit, III, Michael Meltsner, New York City, and Lincoln C. Jenkins, Jr., Columbia, S. C., on brief), for appellants.

David W. Robinson, Columbia, S. C., (Robinson, McFadden & Moore, Columbia, S. C., on brief), for appellees.

Before SOPER, HAYNSWORTH and BELL, Circuit Judges.

PER CURIAM.

This action was brought by forty-two Negro children residing in School District No. 1 of Clarendon County, South Carolina, and their parents as a spurious class action under Rule 23(a) (3) of the Federal Rules of Civil Procedure. Upon motion, the District Court struck from the complaint all reference to all plaintiffs other than Bobby Brunson, the first

named, and all "allegations inappropriate to a personal action by Bobby Brunson." The plaintiffs have appealed from this order.

The order was entered upon a determination by the District Court that there was no common question of fact or of law warranting an action by these multiple plaintiffs under Rule 23(a) (3). It was of the opinion that it is well settled that "[t]he defendants may not deny to any plaintiff on account of race the right to attend any school which it maintains," and that there was no other unresolved question of law. It was of the opinion there was no common question of fact because the School Board was entitled to consider a great many factors other than race in assigning individuals to particular schools.

At the outset we are met with the question of the appealability of the order. It is contended that it was not a final order appealable under 28 U.S.C.A. § 1291 because, though it was a dismissal of the complaint of all plaintiffs other than Bobby Brunson and though Bobby Brunson graduated from high school a few days after the order was entered, thus making the case moot as to him, the order did not dispose of the case as to all plaintiffs, nor was it a bar to the filing of a new individual complaint by any of the original plaintiffs. In light of the imminence of Bobby Brunson's graduation when the order was entered on May 30, 1962, the practical effect of the order was a dismissal as to all plaintiffs, but, whether or not the order is appealable under § 1291, we think it appealable under § 1292 as a denial of requested injunctive relief.

■ In their complaint, the plaintiffs allege that the School Board has maintained dual, biracial school systems, some schools being attended solely by white pupils while all others were attended solely by colored pupils. The plaintiffs sought general injunctive relief, including an order requiring a general reorganization of the school system or, alternatively, the submission of an affirmative plan for the desegregation of all schools in the District. Whether these plaintiffs in this

spurious class action might be entitled to the broad injunctive relief they sought, we do not now consider, but it seems clear that the order of the District Court effectively denied that relief. The limitation of each plaintiff to an individual action on his own account and the removal of all allegations appropriate to a class action narrowed the scope of possible injunctive relief to an order requiring the admission of a particular plaintiff to a school of his choice. In an individual action maintained by a single plaintiff for his sole benefit and without reference to anyone else, he could neither ask nor hope for more. The order, therefore, was a denial of the broad injunctive relief which the plaintiffs sought, which presumably, would have affected all schools and all grades in the School District. The order was, therefore, an appealable one under § 1292, for it was a denial of the broad injunctive relief which the plaintiffs sought.

In a comparable situation, we reached a similar conclusion in Hood v. Board of Trustees of Sumter County School District No. 2, 4 Cir., 232 F.2d 626. There, we treated the order as appealable since it effectively denied injunctive relief. The order was affirmed on the merits because it there appeared affirmatively that the plaintiffs were entitled to no relief for they had not exhausted available remedies and offered no acceptable excuse for their omission.

This case is unlike All American Airways v. Elderd, 2 Cir., 209 F.2d 247. There, the District Court struck from the counterclaim all allegations respecting the "unrelated" and unnamed counterclaimants. It left in the counterclaim, however, the several named counterclaimants in their individual and official capacities. The Court of Appeals held the order was unappealable because it found it did not narrow the scope of available injunctive relief or diminish the counterclaim's invitation to other individuals to intervene and become formal parties to it. Here, in contrast, the order does not merely eliminate unnamed members of the asserted class; it eliminated all

named members of the class and effectively limited the scope of possible injunctive relief which might be sought in any subsequently filed individual action.

■ Turning to the merits, we think the order was erroneous. Accepting at face value, as we must, the allegations of the complaint, for they are thus far uncontroverted, the defendants are operating a biracial school system in which all assignments are on the basis of race. This, of course, is an unlawful discrimination against all pupils as to whom the assignments are involuntary. The plaintiffs will be entitled to some relief if they prove what they allege. Their right to relief is not dependent upon their establishing by a preponderance of the evidence the particular school to which each would have been assigned under some geographical or other assignment plan which the School Board has not adopted and does not profess to follow, as we have recently held in Jeffers et al., v. Whitley, Superintendent of the Public Schools of Caswell County, 4 Cir., 309 F.2d 621.

Whether the School Board is assigning pupils, involuntarily, on the basis of race is a question of fact which is common to all of these objecting plaintiffs. The right of each to some relief will turn upon the resolution of that common question of fact. The complaint does not present those disparate factual controversies which the District Court envisioned.

The adequacy of administrative remedies is another common question. The plaintiffs have not pursued available remedies, but they allege that those administrative remedies are inadequate. Whether they are or not is a question common to all of these plaintiffs.

As we stated in Jeffers, we have held that rights under the Fourteenth Amendment are individual and are to be individually asserted only after individual exhaustion of any reasonable state remedies which may be available, but comparable cases have been almost uniformly brought as spurious class actions under Rule 23(a) (3). Those which have come before this court have involved common questions of law or of fact. Until the desegregation process is largely accomplished, many subsequent cases may be expected to present common questions of fact, for many individuals are likely to be affected in substantially the same way so long as a school board continues old discriminatory practices.

Moreover, the court's consideration of these problems is facilitated by the presence of multiple plaintiffs. The effect of a particular practice or procedure may be determined more readily in the light of its impact upon a number rather than upon one alone. On the other hand, it is well recognized that a school board may encounter difficult administrative problems as it effects a desegregation of its schools, but such problems might be obscured or unapparent if the only question before the court was the possible reassignment of a single pupil.

■ There being common questions of fact, these multiple plaintiffs were entitled under Rule 23(a) (3) to join in one action. The order striking their complaint on that account was erroneous.

The case will be remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.