**Mrs. Marguerite S. STASTNY, Plaintiff,**

v.

**SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant.**

**Civ. A. No. 2324.**

United States District Court
W. D. North Carolina,
Charlotte Division.

Nov. 14, 1968.

Albert M. Horn, Atlanta, Ga., and John D. Warren, Charlotte, N. C., for plaintiff.

David R. Cashdan, Washington, D. C., for Equal Employment Opportunity Commission.

John T. Allred, Moore & Van Allen, Charlotte, N. C., for defendant.

McMILLAN, District Judge.

The plaintiff, Marguerite S. Stastny, filed suit on February 28, 1968, under Title 7 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., demanding damages and an injunction against alleged improper employment practices of the defendant. She alleged in substance that she was denied a transfer to a better paying job because she is a woman instead of a man, and that the defendant twice withdrew posted requests for bids on the job and thereafter hired a man to do the job without taking any more bids.

The defendant moved to dismiss under Rule 12(b) (6), asserting lack of jurisdiction in that (1) the plaintiff's first charge under § 2000e–5 [1] was not made in writing under oath and within 90 days after the events complained of, and

[1] "Whenever it is charged in writing under oath * * * that an employer * * * has engaged in an unlawful employment practice, the Commission shall furnish such employer * * * a copy of such charge and shall make an investigation * * *. If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion * * *." (42 U.S.C.A. § 2000e–5(a)).

"A charge under subsection (a) of this section shall be filed within ninety days after the alleged unlawful employment practice occurred * * *." (42 U.S. C.A. § 2000e–5(d)).

"If within thirty days after a charge is filed with the Commission * * * (except that * * * such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance * * * *the Commission shall so notify the person* aggrieved and

in that (2) the action is barred because not instituted within 180 days after the alleged violations.

◼ The complaint alleges that the violations took place on March 7, 1966 and May 23, 1966 and thereafter. Paragraph VII of the complaint alleges that the plaintiff "filed a charge" with the Equal Employment Opportunity Commission on August 19, 1966. The allegation is therefore adequate.

An exhibit was offered in the form of a letter[2] from the plaintiff to the Equal Employment Opportunity Commission dated August 15, 1966, which styles itself as a "formal complaint." This letter was not sworn to. It was assumed in argument that the letter was sent to the Commission on August 19, 1966, which was within 90 days from the alleged violation. A more formal type charge which did not refer in any manner to the letter dated August 15, 1966, was verified and sworn to by the plaintiff on October 18, 1966 and filed with the Equal Employment Opportunity Commission. The first time the defendant knew about the charge was on or about October 18, 1966. The sworn charge of October 18, 1966, although it does not refer to the August 15, 1966 letter, covers substantially the same subject matter as the letter.

◼ The Court finds that a charge was made within 90 days of the alleged discrminatory acts occurring between May 23, 1966 and August 15, 1966. The Court finds that although the sworn formal charge of October 18, 1966 does not expressly incorporate nor refer to the earlier letter-charge, it does refer or may be reasonably interpreted to refer to the same events. The situation, therefore, is one of a timely charge but one which was not supported by oath or verification until later.

◼ The requirement that the charge be sworn to is one which can be cured by later oath and verification. The Court does not believe that the absence of oath in the original written charge is fatal, and the Court holds that the charge was filed in time as to the events taking place between May 23, 1966 and August 15, 1966. Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir., Oct. 17, 1968) (reversing Choate v. Caterpillar Tractor Co., 274 F.Supp. 776 (S.D.Ill., 1967)); Johnson Broadcasting Co. v. Federal Communications Com'n, 85 U.S. App.D.C. 40, 175 F.2d 351, 355–356 (1949); Moody v. Albemarle Paper Co., 271 F.Supp. 27 (E.D.N.C., 1967); Quarles v. Philip Morris, Inc., 271 F. Supp. 842 (E.D.Va., 1967); Roig v. Southern Bell Tel. & Tel. Co., #67–574 (E.D.La., Nov. 22, 1967); Johnson v.

---

a civil action may, within thirty days *thereafter*, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved  *  *  *." (42 U.S.C.A. § 2000e–5(e). (Emphasis added.)

2. "As an employee of Southern Bell Tel. & Tel. Co., Charlotte, N. C. and under the Fair Labor Standards Act of 1964 I wish to register a formal complaint against Southern Bell Tel. & Tel. Co. for Job Discrimination and Unfair Labor Practices concerning job opportunities between male and female employees.

"Twice in the past six months job opening have been posted for Customer Service Representatives in the Marketing Dept. Both times these jobs were canceled with-

out even giving my bids on this job any consideration. Copies of my bids and their Notice of Cancellation of jobs are attached as evidence.

"Less than two months after I received Notice of Cancellation of last job vacancy a vacancy was filled by a male employee who had no previous experience and who has had no Sales training. There were no job vacancy posted this time which prevented any qualified employee from bidding on the job.

"It is my belief that the job vacancy was filled in this manner to prevent me from placing my bid and competing with the male employee for this job opportunity. As indicated on copies of my bids I have had previous experience and Sales training.

"Any assistance with this matter that your Office can give me will be greatly appreciated."

Seaboard Coast Line Railroad Co., #12,-154 (4th Cir., Oct. 29, 1968).

With reference to the second claim of the defendant that the suit is barred because not filed within 180 days from the alleged violations, the motion upon that ground is denied for the reasons set forth in the opinion filed this same day in Fore v. Southern Bell Telephone and Telegraph Company, D. C., 293 F.Supp. 587.