**Fred MOSS, Jr., Plaintiff,**

v.

**The LANE COMPANY, Incorporated, Defendant.**

**Civ. A. No. 68–C–72–R(L).**

United States District Court, W. D. Virginia, Lynchburg Division.

March 24, 1970.

George W. Harris, Jr., Roanoke, Va., for plaintiff.

S. Bolling Hobbs, Caskie, Frost, Davidson & Hobbs, Lynchburg, Va., for defendant.

### PRELIMINARY MOTIONS

DALTON, Chief Judge.

This suit was instituted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff, a Negro, was discharged from employment by the defendant. Plaintiff brings this class action on behalf of other Negro

employees of the defendant, alleging defendant discriminated against him and members of his class in ways which deprive or tend to deprive them of their status as employees because of race or color. Plaintiff seeks an injunction against the alleged discriminatory practices, an order requiring defendant to rehire plaintiff, and compensation for his loss of wages due to this alleged discriminatory discharge.

Before this suit can continue to trial and judgment, there are a number of preliminary motions and objections to be ruled upon.

## CLASS ACTION

Plaintiff seeks to maintain a class action under Rule 23(a) and (b) (2) of the Federal Rules of Civil Procedure. Defendant has moved that the class action be dismissed, and by memorandum and affidavits proposes several grounds for such dismissal. The court at this stage of the proceedings denies the motion to dismiss the class action, but reserves the right to reconsider the motion after the full record is made.

Defendant asserts that plaintiff has failed to come forward with the name of any other employee represented in the class action. The contention is that the plaintiff in a class action must demonstrate to the court that he has the consent of the other class members to represent them. To support these conten-tions, defendant has taken affidavits of many of its Negro employees, stating that Fred Moss, the plaintiff, is not authorized to represent them.

The prerequisites for the maintenance of class actions are set out in Rule 23. Rule 23(a) reads:

(a) *One* or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. (emphasis added)

Nowhere does Rule 23 state that consent of the other members is necessary to a class action. The better rule adopted by most of the recent cases is that a class action is *not defeated* by the failure of anyone to intervene or join in the suit. Hohmann v. Packard Instrument Company, 399 F.2d 711 (7th Cir.1968); Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir.1968); Snyder v. Board of Trustees of University of Illinois, 286 F.Supp. 927 (N.D.Ill.1968); Mersay v. First Republic Corporation of America, 43 F.R. D. 465 (S.D.N.Y.1968).[1] Cf. Cypress v. Newport News General & Nonsectarian

---

1. In *Mersay*, the rationale behind decisions to the contrary under the old Rule 23 was given:

Under the former rule 23, the primary reason for placing emphasis upon plaintiff's inability to secure other members of the class to join or intervene was apparently that the "spurious" class action was little more than a device for "permissive joinder;" anyone who did not intervene as a party was not bound. Lipsett v. United States,, 359 F.2d 956, 959 (2d Cir. 1966); Nagler v. Admiral Corp., 248 F.2d 319, 327 (2d Cir. 1957). Thus, if no other members of the class were interested in joining, there was no reason for retaining the misleading denomination "class action," since only the named parties would have been affected by the judgment. Under the amended rule 23, however, if it is determined that there is a proper class action, every member of the class will receive notice of the suit, and unless a member elects to be excluded, he will automatically be bound by the final judgment. Therefore, the class's lack of interest in the suit prior to the time such notice is given should not compel a determination that this is not a proper class action. 43 F.R.D. at 470 and 471.

This statement accurately reflects the origin of the contrary rule and demonstrates the necessity for the abandonment of it under the new Rule 23.

Hosp. Ass'n, 375 F.2d 648 (4th Cir. 1967). But see International Ass'n of Machinists v. Street, 367 U.S. 740, 81 S. Ct. 1784, 6 L.Ed.2d 1141 (1961).[2]

In Eisen v. Carlisle & Jacquelin, supra, 391 F.2d at 563, the court held:

> [W]e hold that the new rule [23] should be given a liberal rather than a restrictive interpretation * * * and that the dismissal *in limine* of a particular proceeding as not a proper class action is justified only by a clear showing to that effect and after a proper appraisal of all the factors enumerated on the face of the rule itself.

In a similar vein, the court in Esplin v. Hirschi, 402 F.2d 94, 99 (10th Cir.1968), stated:

> It cannot be denied that the resolution of the class action issue in suits of this type places an onerous burden on the trial court. But if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.

Although this liberal approach to Rule 23 has been criticized for being too broad,[3] I believe that is the correct approach in Civil Rights suits like the present.

Finally to support its motion, defendant has secured affidavits of all of its Negro employees disclaiming any authority from them to commence the suit. While authority is not required under Rule 23, the court would dismiss the action if the following situation described in *Eisen* exists:

> Necessarily, a different situation is presented where absent class members inform the court of their displeasure with plaintiff's representation, see Hess v. Anderson, Clayton & Co., 20 F.R.D. 466 (S.D.Cal.1957), but the representative party cannot be said to have an affirmative duty to demonstrate that the whole or a majority of the class considers his representation adequate. Nor can silence be taken as a sign of disapproval. 391 F.2d at 563.

I am not convinced of the "displeasure" of the other members of the class with the present suit. If plaintiff's allegations are true, an injunction may issue requiring an end to the discriminatory practices. Such relief would be beneficial to all members of the class. Also, if plaintiff's claim, that he was discharged for the institution of charges with the Equal Employment Opportunity Commission (EEOC), is true, the other Negro employees of the defendant would be unwilling to put their job in jeopardy by refusal to sign the affidavit. Finally, to

---

2. This decision is distinguishable. If the plaintiff had been successful in *Street*, the other members of the class did not want relief. In the present case and in the cases cited allowing the maintenance of the class action, the same is not true.

3. See Wright, C. A., Class Actions, 47 F.R.D. 169, 171 (1969), wherein it was stated:
   > Finally the amended rule is in jeopardy from those who embrace it too enthusiastically just as it is from those who approach it with distaste. Admonitions that the amended rule "should be given a liberal rather than a restrictive interpretation" and that "if there is to be an error made, let it be in favor and not against the maintenance of the

class action" convey a receptive spirit. But if they encourage courts to allow maintenance of class actions in controversies that are unmanageable by this device, the rule may come into disrepute even for the cases to which it is well suited. It may well be that "it will take a generation or so before we can fully appreciate the scope, the virtues, and the vices of the new Rule 23." Certainly the jury is not yet in.

Civil Rights suits, by their nature, are generally not as unmanageable as other types of class actions. The liberal approach to Rule 23 is "well suited" to the present type of suit and, therefore, in accord with *Eisen* and *Esplin*, Rule 23 will be interpreted liberally to allow the class action.

dismiss the class action on the basis of the affidavits would be tantamount to determining that the charge of racial discrimination is untrue. By such dismissal, I would be saying that either there is no racial discrimination practiced by the defendant against the other members of the class or that the other Negro employees want to be racially discriminated against. Clearly the latter is unacceptable, and, certainly, the former would be an improper determination at this stage of the suit.

The four prerequisites to bringing a class action under Rule 23(a) have been met in this suit. There can be no doubt that the first three are present. As to the fourth, the court is convinced the plaintiff will "fairly and adequately protect the interests of the class." He has no interest antagonistic to other members of the class. The plaintiff has amply demonstrated his vigor in representing the interests of the other members of the class, and as demonstrated by the pleadings and other memoranda, he is well represented by counsel.

■ Because this class action was commenced under Rule 23(b) (2), notice to other members of the class is not mandatory. It has been held, however, that due process requires notice to other members of the class in these suits. Clark v. American Marine Corp., 297 F. Supp. 1305 (E.D.La.1969). For this reason alone the affidavits filed by defendant are not useless—they constitute notice to the other members of the class that this suit is pending. See Snyder v. Board of Trustees of University of Illinois, supra.

■ While the class action will not be dismissed, it will be limited. Only those Negro employees of defendant at the Rocky Mount, Virginia facility will comprise the class and those Negro employees at the Altavista, Virginia facility are, hereby, excluded from the present class action. The court takes this action because it is not convinced that plaintiff is the proper party to bring a suit for the Altavista employees and to make the suit more manageable. See Hardy v. United States Steel Corp., 289 F.Supp. 200 (N.D.Ala.1967). The court retains the right to further limit the class should the suit prove unmanageable within the present class.

## TIMELINESS OF THE CHARGE BEFORE THE EEOC

■ Defendant next moves that the allegations relating to discharge of the plaintiff be stricken from the complaint for failure to comply with 42 U.S.C. § 2000e–5(d). This statute requires that charges be filed with the EEOC "within ninety days after the alleged unlawful employment practice occurred."

The facts relating to this motion are as follows. On May 17, 1966, the plaintiff first filed a charge with the EEOC alleging racial discrimination in wage rates and promotion policies of the defendant company. On August 9, 1966, the plaintiff was discharged. The assertion by the plaintiff is that the discharge was in retaliation for his opposition to the company's racially discriminatory policies. By letter dated August 20, 1966, plaintiff informed the EEOC that he had been "fired" because of his race and asked that the letter be put in his file. In this letter, the plaintiff briefly described the events immediately leading up to his discharge and the reasons given for such discharge. It was not until November 30, 1966, that plaintiff filed a formal charge with the EEOC complaining of the discriminatory discharge. The question which must be determined is whether the letter of August 20, 1966, is sufficient to comply with the 90 day time period of 42 U.S.C. § 2000e–5(d). This court holds that it does.

29 CFR § 1601.11(b) states:

Notwithstanding the provisions of paragraph (a) of this section, a charge is deemed filed when the Commission receives from the person ag-

grieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments relate back to the original filing date. However, an amendment alleging additional acts constituting unlawful employment practices not directly related to or growing out of the subject matter of the original charge will be permitted only where at the date of the amendment the allegation could have been timely filed as a separate charge.

It is clear that this section was intended to cover the present factual situation. The plaintiff, by sending this letter, was doing all that he reasonably thought was necessary to cause this charge to be considered. Although the letter was not sworn to, it was sufficiently precise to identify the parties and did describe the practice complained of. Therefore, the charge is deemed filed as of August 20, 1966, and the charge properly sworn to filed November 30, 1966, will be treated as an amendment. Stastny v. Southern Bell Telephone & Telegraph Co., 293 F.Supp. 574 (W.D.N.C.1968), involved facts very similar to the present case. There the court stated as follows:

> The Court finds that a charge was made within 90 days of the alleged discriminatory acts occurring between May 23, 1966 and August 15, 1966. The Court finds that although the sworn formal charge of October 18, 1966 does not expressly incorporate nor refer to the earlier letter-charge, it does refer or may be reasonably interpreted to refer to the same events. The situation, therefore, is one of a timely charge but one which was not supported by oath or verification until later. 293 F.Supp. at 576.

Cf. International Bro. of Elec. Wkrs. v. United States Equal Employment Oppor-

tunity Com'n, 398 F.2d 248 (3rd Cir. 1968), cert. denied, 393 U.S. 1021, 89 S. Ct. 628, 21 L.Ed.2d 565 (1969). As in *Stastny*, the charge is found to be timely filed.

## ALLEGATIONS IN THE COMPLAINT RELATING TO ACTION TAKEN BY THE EEOC

██ Defendant asserts that the allegations in the complaint relating to action taken by the EEOC are irrelevant and prejudicial to the defendant and should be stricken. The court is in agreement with defendant. The plaintiffs in these suits should allege that they received notice from the EEOC and that voluntary compliance by the employer had not been obtained, but the statement of the findings by the EEOC is highly prejudicial and irrelevant to the present suit. Hart v. Buckeye Industries, Inc., 46 F.R.D. 61 (S.D.Ga. 1968); King v. Georgia Power Co., 295 F.Supp. 943 (N.D.Ga.1968). Therefore, paragraph VI(E) of plaintiff's complaint is ordered stricken from the record. Paragraph VI(F) makes the necessary allegations for the maintenance of this suit.

## OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Defendant has refused to answer many of the interrogatories propounded to it. Defendant states that some are irrelevant and that many would place a heavy burden on it in terms of labor, time and costs. Specifically plaintiff has asked that defendant be compelled to answer forty-five interrogatories.

Under 42 U.S.C. § 2000e–5(a), the methods used by the EEOC to reach conciliation are confidential. Question number 74 does not call for confidential matter relating to conciliation and must be answered. Questions 75, 76, 77 and 78 seek confidential matter concerning conciliation or matters intimately relating to the conciliation. Therefore, the

defendant need not answer these questions.

As to certain questions answered by the defendant, the plaintiff asks that the defendant be required to clarify and give a more complete answer. This will be considered at the forthcoming conference. As to questions 2, 42 and 71, defendant answered that no record exists from which to answer. The court is not now asked to determine the truth of the answers. Taking the answers as truthful, the court cannot compel the impossible. As to the following questions, the defendant is ordered to clarify and give a more complete answer: 35; 38; 41 & 80. Rule 33 is intended as a method of discovery. The defendant has properly answered that the answers to question 72 are within the knowledge of the plaintiff. Interrogatories cannot be used to ask questions to which the answers are well-known by the questioning party. The court sees no clarification which can be made of the answer to 72(d).

Defendant has objected to question 46 because it alleges that production of documents is not required under Rule 33. Questions 18(f) and 55 are framed in similar language as question 46 and the same is true for all three. Insofar as questions 18(f), 55 and 46 call for production of documents, the defendant is not required to comply. However, as to the identifications asked for in these questions, the defendant is required to file answers. As to the remaining interrogatories, the court is concerned about their burdensome nature and requests oral arguments. Counsel shall appear on April 2 at 10:30 a. m at Roanoke, Virginia, for such purpose.

## JURY TRIAL

▇ Plaintiff has filed an objection to defendant's timely demand for a jury trial. It is plaintiff's contention that this is not the proper suit for a jury trial. The court is convinced that this case is not a proper one for jury trial.

In reaching this conclusion, I rely principally on Culpepper v. Reynolds Metals Company, 296 F.Supp. 1232 (N.D.Ga.1968). Under similar facts, Judge Smith in *Culpepper*, after a well-reasoned and comprehensive inquiry into the case law and the nature of the act, denied a jury trial in a suit under 42 U.S.C. § 2000e et seq. For similar reasons, I find that under the governing statutes the intent was for the courts to try these suits; that the injunctive relief requested under the act is not properly a jury matter; that the back pay request does not require a jury trial, accord Hayes v. Seaboard Coast Line Railroad Company, 46 F.R.D. 49 (S.D.Ga. 1969); and that the denial of the jury trial in this suit does not contravene the Seventh Amendment.