Calvin SULLIVAN and Calvin Hyatt, each individually and on behalf of all other persons similarly situated, Plaintiffs,

and

Herbert Brooks and Waymon Smith, each individually and on behalf of all other persons similarly situated, Intervenors,

v.

WINN–DIXIE GREENVILLE, INC., Defendant.

Civ. A. No. 72–1383.

United States District Court, D. South Carolina, Greenville Division.

March 21, 1974.

John E. Bishop, Greenville, S. C., and Jack Greenberg, William L. Robinson, and Morris J. Baller, New York City, for plaintiffs and intervenors.

J. Frank Ogletree, Jr., and J. Hamilton Stewart, III, of Thompson, Ogletree & Deakins, Greenville, S. C., for defendant.

## ORDER

ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AND INTERVENORS' COMPLAINTS OR, IN THE ALTERNATIVE, TO DEFINE THE CLASS REPRESENTED.

HEMPHILL, District Judge.

This suit in equity is a class action, as authorized by Rule 23, Federal Rules of Civil Procedure, instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S. C. § 2000e et seq. and pursuant to the Act of Congress known as the Civil Rights Act of 1866, 42 U.S.C. § 1981 and § 1983.

Plaintiffs and intervenors seek to secure protection of and to redress alleged deprivation of rights secured by: (a) 42 U.S.C. § 2000e et seq., providing for injunctive relief against racial discrimination in employment, and (b) 42 U.S.C. § 1981, providing for the equal rights of all persons in every state and territory within the jurisdiction of the United States.

Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343(3) and (4); 42 U.S.C. § 2000e–5(f); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## NATURE OF THIS PROCEEDING

This proceeding is a class action for a declaratory judgment as to plaintiff's rights and for a preliminary and permanent injunction, enjoining defendant from maintaining a policy, practice, custom, or usage of: (a) discriminating against plaintiffs and other black persons in their class because of race or color with respect to the compensation, terms, conditions, and privileges of employment, and (b) limiting, segregating, and classifying plaintiffs and other black employees of defendant in ways which deprive them of equal employment opportunities and which otherwise adversely affect their status as employees because of their race and color.

This is also a proceeding for the determination of appropriate monetary and other affirmative relief due plaintiffs and members of their alleged class to redress the past and present economic injuries allegedly inflicted upon them by defendant.

## THE PRESENT MOTION

Defendant moves to dismiss the complaints filed by plaintiffs and intervenors on the following grounds:

1. The complaints fail to state a claim upon which relief can be granted.

2. Plaintiffs and intervenors are not representatives of any class. It is submitted that:

A. There is no class of applicants for employment, employees, or former employees who have been the subject of unlawful discrimination by defendant because of their race. It is contended that the requisite showing of numerosity to support a class action is lacking.

B. There are no questions of law or fact common to the claims of the indi-

vidual plaintiffs, individual intervenors, and the class described in the complaints.

C. The claims of plaintiffs and intervenors are born of separate, distinct, and unique factual circumstances. As such, the claims of plaintiffs and intervenors are contended to be not typical of the claims which might be asserted by purported class members and the defenses to such claims of plaintiffs and intervenors, as well as possible claims of alleged class members, are atypical.

D. Plaintiffs and intervenors cannot and will not fairly and adequately protect the interests of all members of the alleged class.

E. Defendant has not acted or refused to act on grounds which are generally applicable to the proposed class, thereby rendering injunctive relief or declaratory relief with respect to the class inappropriate.

F. The class action vehicle is not, under the circumstances of this case, the superior method of fairly and efficiently adjudicating the controversy.

3. The jurisdiction of this court is alleged to be improperly invoked by the complaints. It is submitted that the court does not have jurisdiction over the subject matter of this action under 42 U.S.C. § 1981 where there is no showing that remedies available under 42 U.S.C. § 2000e et seq. are either inadequate or unavailable.

Accordingly, defendant moves that the complaints be dismissed in their entirety, or, alternatively, if the action is not dismissed, that:

(1) the allegations of the complaints related to the purported class action be dismissed;

(2) in the event that all allegations in the complaints relating to the class action are not dismissed, that the class be restrictively defined and that the complaints be dismissed as to any portion of the complaints wherein plaintiffs and intervenors are not proper class representatives; and

(3) all allegations of the complaints relating to the purported cause of action arising under 42 U.S.C. § 1981 be dismissed.

1. THE COMPLAINTS STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

An action may be maintained as a class action if the four prerequisites of Rule 23(a) are satisfied and one of the three situations stated in Rule 23(b) is shown to exist.

■ Plaintiffs and intervenors contend that the second of the three situations exist. Rule 23(b)(2) provides that a class action is maintainable if:

[T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . .

The availability of class action treatment in proper circumstances in cases where racial discrimination is alleged is not questioned by defendant. In Oatis v. Crown Zellerbach Corp., 398 F.2d 496, 499 (5th Cir. 1968),[1] the court said:

"Racial discrimination is by definition class discrimination." See also Brunson v. Board of Trustees of School District No. 1, Clarendon County, South Carolina, 311 F.2d 107 (4th Cir. 1962)[2], cert. denied, 373 U.S. 933, 83 S.Ct. 1538, 10 L.Ed.2d 690 (1963); Green v. School Board of Roanoke, Virginia, 304 F.2d 118 (4th Cir. 1962). These illustrative actions in the civil rights field make it

---

1. This case also held: ". . . it is not necessary that members of the class bring a charge with the EEOC as a prerequisite to joining as co-plaintiffs in the litigation." 398 F.2d, at 499.

2. The Fourth Circuit directed: "The right of each to some relief will turn upon the resolution of that [assignment of pupils on the basis of race] common question of fact." 311 F.2d, at 109.

clear that the complaints state a claim upon which relief can be granted in a class action under Rule 23(b)(2).

## 2. PLAINTIFFS AND INTERVENORS ARE REPRESENTATIVES OF A DEFINABLE CLASS.

■ Plaintiffs and intervenors who seek to qualify themselves as representatives of a class do not have automatic access to the federal courts via the class action vehicle. The burden is on plaintiffs to show that they fulfill all four requirements of Rule 23(a). The four prerequisites of Rule 23(a)[3] may be characterized as numerosity, commonality-typicality, and representativity.

### A. NUMEROSITY

■ Defendant contends that the existence of only two plaintiffs and two intervenors in the proffered class causes this class action to fail for lack of numerosity. This contention, as to civil rights cases, must be rejected summarily. The Notes of the Advisory Committee on Rules, 28 U.S.C.A., Rule 23(b)(2), at 298, state:

Action or inaction is directed to a class within the meaning of this subdivision even if it has taken effect or is threatened only as to *one* or a few members of the class, provided it is based on grounds which have general application to the class. (Emphasis added).

### B. COMMONALITY

The Fourth Circuit has made it clear that general practices and policies can constitute discrimination as much as or more than individual discrimination. Some of these practices include a lack of objective standards in hiring, pay increases, promotion and transfer, and a failure to post vacancies where segregated departments exist. Brown v. Gaston County Dyeing Machine Co., 457 F.2d 1377 (4th Cir. 1972).[4] Similar practices were condemned in Rowe v. General Motors Corp., 457 F.2d 348 (5th Cir. 1972).

■ Thus, this requirement of commonality is met by an "across the board" attack on employment practices, with the allegation of racial discrimination constituting a common question of fact to be resolved. See Carr v. Conoco Plastics, Inc., 423 F.2d 57, 63 (5th Cir. 1970). Since plaintiffs and intervenors have made such an attack in this case, the commonality prerequisite is satisfied.

### C. TYPICALITY

This prerequisite has been treated as synonymous either with the requirement of commonality, Green v. Wolf Corp., 406 F.2d 291, 299 (2d Cir. 1968), or with the requirement of representativity, Moss v. Lane Co., 50 F.R.D. 122 (W.D.Va.1970). Some courts have ignored this prerequisite, Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968), or have reduced this prerequisite to a finding that there must be an absence of conflict of interest between representative plaintiffs and other members of the class, Weiss v. Tenney Corp., 47 F.R.D. 283, 290 (S.D.N.Y.1969). The effect of all these interpretations is to render "typicality" a term without a meaning of its own.

---

3. Fed.R.Civ.P.23(a) provides:
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

4. ". . . courts must also examine statistics, patterns, practices and general policies to ascertain whether racial discrimination exists", and "Practices, policies or patterns, even though neutral on their face, may operate to segregate and classify on the basis of race at least as effectively as overt racial discrimination." 457 F.2d, at 1382.

It is only common sense that "typicality" would not be established as a separate prerequisite in Rule 23(a)(3) if it was not intended to have an independent meaning. Unfortunately, the Notes of the Advisory Committee on Rules do not elaborate on the meaning any more than the statement contained in Rule 23(a)(3) itself. Perhaps the ordinary dictionary meaning of the term was intended by the Advisory Committee. In any event, this court adopts the interpretation given in White v. Gates Rubber Co., 53 F.R.D. 412, 415 (D.Colo. 1971):

> A more reasonable reading of the requirement would seem to entail the necessity of demonstrating that there are other members of the class who have the same or similar grievances as the plaintiff. It seems apparent that a claim cannot be typical of the claims of the class if no other member of the class feels aggrieved. . . . In other words, the fact that hypothetical claims would be similar is considered sufficient justification for finding the plaintiff's claim to be typical. (Citations omitted).

A careful review of the complaints and interrogatories answered by the two named plaintiffs and the two named intervenors reveals widespread challenges to the employment practices of defendant. Since there are at least 127 black and 320 white employees at the defendant's place of business, it appears that hypothetical claims of other unnamed aggrieved members of the class would be similar to the allegations of the named plaintiffs and intervenors. Thus, it appears to the court that there is sufficient justification for finding plaintiffs' and intervenors' claims to be "typical".

## D. REPRESENTATIVITY

Class representatives cannot qualify merely on the grounds of race alone. See Palmer v. Thompson, 391 F. 2d 324 (5th Cir. 1967).[5] The interests of the representatives of the claim must be co-extensive with the interests of other members and groups within the class. There must be no possibility of any antagonistic interests since the allowance of a class representative with antagonistic interests to other members of the class would deny unnamed members of the class due process. See Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940).

Plaintiffs and intervenors proffer one very broad class. Defendant counters that there is no class at all but, if there is any class, it has discernable subclasses. The court agrees with defendant's position. With the hope of avoiding a re-determination of the class, the court has attempted to carefully draw the subclasses, and has initially determined the existence of three subclasses. This division has resulted mainly because of the potentially severe res judicata consequences of this class action on all alleged class members.

Therefore, pursuant to Rule 23(c)(1),[6] this court defines subclass ONE to relate to all black persons who have been refused employment by defendant; subclass TWO, all black persons presently or formerly employed by defendant who have been refused promotions or transfers; and subclass THREE, all black persons who have been discharged by defendant.

---

5. "What seems to be clear from the cases is (1) that the party must have been aggrieved and (2) that either he or the class of which he is a member may be aggrieved . . . ." 391 F.2d, at 328.

6. Fed.R.Civ.P. 23(c)(1) provides:
   As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

It is clear that the named plaintiffs and intervenors adequately represent the interests of the members of subclasses TWO and THREE. It is equally clear that they do not adequately represent the interest of the members of subclass ONE. Therefore, in order to avoid dismissal of this class action without prejudice as to the members of subclass ONE, it is necessary that other individuals intervene who can adequately represent the interests of the members of that subclass.[7]

### E. APPROPRIATENESS OF INJUNCTIVE AND DECLARATORY RELIEF

■ The present action was explicitly brought under the provisions of Rule 23(b)(2).[8] The allegations of the complaints and the discovery related material before the court clearly make out a prima facie case against defendant for having acted on grounds generally applicable to the class, such that injunctive and declaratory relief is appropriate.

### F. CLASS ACTION AS SUPERIOR METHOD OF ADJUDICATION

■ The class action vehicle is, under the circumstances of this case, the superior method of fairly and efficiently adjudicating the controversy. It appears to the court that there is the risk of inconsistent adjudications, should separate actions be prosecuted by the named plaintiffs and intervenors and any other members of the class they seek to represent. It also appears that adjudications with respect to the named plaintiffs and intervenors would be dispositive of issues which might be raised by former black employees of defendants categorized in subclasses TWO and THREE. Thus, the existence of common questions of law and fact show the su-

periority of a class action over other methods of fairly and efficiently resolving all these controversies involving defendant's employment practices.

### 3. JURISDICTION OF THIS COURT IS PROPERLY INVOKED.

■ Where remedies under 42 U.S. C. § 2000e et seq. are either inadequate or unavailable, 42 U.S.C. § 1981 remedies may be pursued. There are at least two aspects in which this is true in the present class action.

■ First, 42 U.S.C. § 2000e–5(g) limits availability of back pay to claims accruing two years prior to filing a charge with the Equal Employment Opportunity Commission. The Fourth Circuit has imposed no such limitations on recovery under 42 U.S.C. § 1981. Brown v. Gaston County Dyeing Machinery Co., 457 F.2d 1377, 1379 (4th Cir. 1972). Plaintiffs and intervenors contend that defendant has engaged in a long and continuous pattern of discrimination which will entitle members of the class to recover back pay for periods prior to two years preceding filing charges with the Equal Employment Opportunity Commission.

Second, the effective date of 42 U.S. C. § 2000e et seq. was July 2, 1964. Where there are claims accruing prior to that date, class members will be required to rely on 42 U.S.C. § 1981, passed in 1866, as the remedies of 42 U.S.C. § 2000e will be unavailable for such pre-1964 claims.

### CONCLUSIONS AND CREATION OF SUBCLASSES

1. Defendant's motion to dismiss the complaints filed by plaintiffs and intervenors for failure to state a claim upon

---

7. Fed.R.Civ.P. 21 provides:

   Parties may be dropped or added by order of the court on motion of any party or of

its own initiative at any stage of the action and on such terms as are just.

8. See page 373, supra.

which relief can be granted is DENIED.

2. Defendant's motion to dismiss the complaints filed by plaintiffs and intervenors because they are not representatives of a definable class is reserved subject to the following conditions:

Pursuant to Rule 23(c)(1) and upon consideration of the briefs and arguments of the parties, it is hereby ordered that the class represented by plaintiffs and intervenors shall be preliminarily defined to include the following:

SUBCLASS NUMBER ONE: all blacks who have been refused employment by defendant;

SUBCLASS NUMBER TWO: all blacks presently or formerly employed by defendant who have been refused promotions or transfers;

SUBCLASS NUMBER THREE: all blacks who have been discharged by defendant.

The part of this order creating three subclasses is conditional and may be altered or amended before the decision on the merits. The parties hereto may now proceed in accordance with these distinctions.

Plaintiffs and intervenors shall have sixty (60) days from the date of this order to join at least one individual who belongs to subclass one. In the event of plaintiffs' and intervenors' failure to do so, defendant's motion to dismiss the complaints because plaintiffs and intervenors are not representatives of subclass ONE shall be granted. In the event of their success in doing so, such motion of defendant shall be denied.

Defendant's motion to dismiss the complaints because plaintiffs and intervenors are not representatives of subclasses TWO and THREE is DENIED.

3. Defendant's motion to dismiss the complaints filed by plaintiff and intervenors on the grounds that the jurisdiction of this court is improperly invoked under 42 U.S.C. § 1981 is DENIED.

And it is so ordered.