**Dennis BATES and Karon Bates, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**TENCO SERVICES, INC., Continental Service Co., and the United States of America, Defendants.**

Civ. A. No. 2:87–1313–8.

United States District Court,
D. South Carolina,
Charleston Division.

Sept. 24, 1990.

Edward J. Westbrook, Annetta C. Riley, Charleston, S.C., for plaintiffs.

Timothy W. Bouch, Charleston, S.C., for Tenco Services.

Richard H. Willis, Columbia, S.C., for Continental Service Co.

John D. Beling, Dept. of Justice, Washington, D.C., for U.S.

AMENDED ORDER

BLATT, Senior District Judge.

This matter is before the court on plaintiffs' motion to certify a class filed pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1]

The record before the court includes a report of a United States Magistrate prepared after his consideration of the pending motion. Additionally, this court heard oral arguments on the motion on August 9, 1990.

■ The report and recommendation of the United States magistrate was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning reference to a magistrate. *See United States Magistrates*, Local Rule 19.00, D.S.C.; *Social Security Cases*, Local Rule 20.00, D.S.C.; *Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a magistrate's factual or legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). In the present case, the parties have timely filed objections to the magistrate's report; accordingly, this court has conducted a *de novo* review of the portions of the magistrate's report to which objections have been made.

1. Also pending before the court on August 9, 1990, was the United States' Motion to Dismiss. The United States moved for dismissal of the plaintiffs' claims against the government. The plaintiffs and the two private defendants, Tenco Services, Inc. and Continental Service Co., opposed the government's motion. The magistrate had prepared a report on the government's motion and had recommended that the motion be denied.

The United States alleged that this court lacked subject matter jurisdiction under the Federal Tort Claims Act (FTCA) to entertain the plaintiffs' claims against the government because the activities of which the plaintiffs complain fall within either the independent contractor exception or the discretionary function exception of the FTCA. 28 U.S.C. §§ 1346(b) and 2671. For reasons orally expressed by the court at the August 9, 1990, hearing, and for those expressed in the magistrate's report, the court found that the evidence did not support application of either the independent contractor exception or the discretionary function exception to the facts presented thus far in this suit. Accordingly, the United States' Motion to Dismiss was denied.

The named plaintiffs are residents of the Gold Cup Springs subdivision in Hanahan, South Carolina. The subdivision is located adjacent to a jet fuel storage and distribution facility (DFSP) which is owned by the United States. Defendants Tenco and Continental have each operated the facility for the government during different periods relevant to the plaintiffs' claims. The plaintiffs have filed this suit for damages[2] allegedly the result of activities which have taken place at the DFSP.

The named plaintiffs have filed this suit against the United States and the two private defendants on behalf of themselves and all others similarly situated and have moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed class is defined as all property owners, residents, and former residents of the Gold Cup Springs Subdivision in Hanahan, South Carolina. All three defendants oppose the certification of a class.

The defendants contend that the plaintiffs have failed to establish by reliable evidence the prerequisites of Rule 23(a) for class action treatment, to wit: that the class is so numerous that joinder of all members is impracticable; that there are questions of law and fact common to the class; that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and that the representatives will fairly and adequately protect the interests of the class. Rule 23(a), Federal Rules of Civil Procedure. Additionally, defendants assert that plaintiffs have failed to make a showing under Rule 23(b) that the suit should be maintained as a class action. Rule 23(b) requires that plaintiffs show that the prosecution of separate actions by individual members of the class would create a risk of varying adjudications; or, would substantially impair or impede individuals' ability to protect their interests; or, that common questions of law or fact predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Rule 23(b)(1)(A), (b)(1)(B), (b)(2), and (b)(3), Federal Rules of Civil Procedure.

In addition to its objections based upon Rule 23, the United States asserts that this court has no jurisdiction to hear claims brought against it by persons who have not first filed an administrative claim as required by the FTCA. 28 U.S.C. § 2675(a). The government argues that if the court were to certify the class as requested by the plaintiffs, the court would be without jurisdiction to entertain the suit against it because some members of the purported class have not filed administrative claims. Before addressing this argument, this court will address the question of certification.

■ The first issue in determining the propriety of class action treatment is whether the potential class is so numerous as to make joinder impracticable. Evidence before the court indicates that approximately eighty members of the class have filed administrative claims under the FTCA; therefore, the class of plaintiffs which may pursue claims against the government is limited to those eighty or so persons. However, there is further evidence which indicates that there is another group in excess of fifty people, and possibly as many as one hundred people, who have not filed administrative claims but who fall within the definition of the proposed class. Therefore, at least one hundred and thirty plaintiffs, and maybe as many as one hundred and eighty, could pursue claims against the two private defendants.

While there is no arithmetic test for determining numerosity, the court has wide discretion in deciding the issue of numerosity.[3] Despite defendants' arguments that

---

**2.** Plaintiffs allegedly have suffered devaluation of their property, loss of use and enjoyment of their property, loss of quality of life, personal injuries, distress, discomfort, increased risk of disease, and other personal and property damage. Plaintiffs also seek punitive damages and injunctive relief. *See,* Plaintiffs' Second Amended Class Action Complaint.

**3.** *See, Cypress v. Newport News General & Nonsectarian Hosp. Ass'n.,* 375 F.2d 648, 653 (4th Cir.1967).

some class members are indifferent to the suit, or that the class resides within a limited geographical area, this court finds that a lawsuit with potentially one hundred and eighty plaintiffs presents logistical problems that make the practicality of permissive joinder dubious. It would be a waste of judicial time and effort, and of precious litigation resources, to repeat this suit for each possible plaintiff. Class treatment would streamline the lawsuit and is a much more practical legal vehicle for a suit of this nature than permissive joinder.

The plaintiffs' complaint alleges that all members of the class have been harmed by the same tortious conduct. Much evidence as to the defendants' conduct and liability will be applicable to the claims of all members of the class. Alone these common questions of law and fact satisfy the commonality requirement of Rule 23(a).[4]

It is a prerequisite to class certification that the claims of the representative plaintiffs be typical of the claims of the class. The typicality test does not require that the representatives have identical claims which other members of the class might present. The question of typicality focuses on the similarity of the legal and remedial theories of claims of the named and unnamed plaintiffs.[5] The plaintiffs' claims for damages stem from effects of the defendants' activities on the plaintiffs' property and their health, now, in the past and in the future. Whether each potential member of the class has suffered the same degree of harm, or each and every type of harm, does not preclude a finding of typicality. These named plaintiffs have presented evidence indicating that they have suffered a wide variety of harm which persons similarly situated may have also suffered.

Plaintiffs must also show that they are able to represent the interests of the unnamed members of the class fairly and adequately. One facet of that analysis is to ascertain whether the named plaintiffs have positions which would be antagonistic to those of unnamed class members.[6] The named representatives have filed administrative claims under the FTCA and are eligible to pursue damages against the government as well as the private defendants. The plaintiffs seek redress for personal injuries, property damages, and also seek equitable relief for the restoration of their neighborhood. No evidence indicates the named plaintiffs have interests which conflict with other members of the class. The plaintiffs have testified that they recognize their responsibility for the costs of litigation and agree to accept this responsibility. Furthermore, plaintiffs' counsel is experienced in, and is competent to handle, complex tort litigation of the nature raised in this suit. All of these factors support a finding that the interests of the class can be fairly and adequately represented by the named plaintiffs and plaintiffs' counsel.

This court is satisfied that the plaintiffs have met the threshold requirements for class certification under Rule 23(a). The second hurdle of class certification is a determination that class treatment is maintainable under one of the subdivisions of Rule 23(b). Subdivision (b)(3) requires a finding that the common questions presented by this litigation predominate over any individual issues affecting class members and that class action is a superior method of adjudicating the plaintiffs' claims. The facts of this suit support such a finding.

As previously noted, there are questions of law and fact common to the entire class. Yet, there are also elements of proof that will vary among plaintiffs. Individual offers of proof of proximate cause and damages for each plaintiff will become an inevitable necessity; however, these individual questions of proof will arise whether the suit proceeds individually or as a class ac-

---

**4.** *See, Pruitt v. Allied Chemical Corp.,* 85 F.R.D. 100, 105 (E.D.Va.1980); *Crockett v. Virginia Folding Box Co.,* 61 F.R.D. 312, 317 (E.D.Va. 1974).

**5.** *Jenkins v. Raymark Industries, Inc.,* 782 F.2d 468 (5th Cir.1986).

**6.** *See e.g., Runion v. U.S. Shelter,* 98 F.R.D. 313 (D.C.S.C.1983); *Sullivan v. Winn–Dixie Greenville, Inc.,* 62 F.R.D. 370 (D.C.S.C.1974).

tion. The common questions in this suit will be the cause of the ground water contamination, the defendants' liability, and the alleged effects of jet fuel contamination on the neighborhood and the people who have lived there. These issues will predominate over the individual questions which also must be answered.

■ Class certification will give all class members a single forum to pursue their cause of action and will require the defendants to present their defenses only one time. The class action device is preferable to intervention or joinder for litigation management.[7] Though the class is numerous, its members can be identified relatively easily through public records for the purpose of notice to class members. Any class member whose lack of resources might otherwise have presented an obstacle to litigation will be afforded an opportunity to proceed. Though some issues may not be resolved in a single proceeding, this court feels that a class action is the superior method of adjudicating this controversy at this stage of the suit.[8]

■ The government has argued that certification of a class which includes members who have not filed administrative claims as required by the FTCA is fatal to this court's jurisdiction over the United States in this suit. It is well-settled law that the requirements of the FTCA are jurisdictional and not waivable.[9] However, this court has jurisdiction over the United States to entertain the claims of those individual class members who have exhausted their administrative remedies as required by the FTCA; and once jurisdiction is established under the FTCA, the Federal Rules of Civil Procedure apply to the United States like any other private litigant.[10]

Nothing in Rule 23 requires that all members of a class must pursue claims against all defendants.[11] Therefore, those members of the class who have met the requirements of the FTCA may proceed against all three defendants and those members of the class who have not filed administrative claims may pursue their claims only against the private defendants.[12]

For the reasons stated herein, the plaintiffs' motion for class certification is granted. Counsel for plaintiffs are hereby ordered to submit to defendants' counsel a proposal for the form, content, and manner of notice to the class members. If counsel for all parties are unable to agree to the form, content, and manner of notice to be given class members, within ten days of the date of this order, plaintiffs' counsel shall notify this court. Thereafter, this court will take appropriate action to resolve

---

7. The FTCA requires that the government's case be tried to the court and not a jury. The plaintiffs have made a jury demand for their complaints against the private defendants. The government has argued that it would be too complicated to try a case to a jury while simultaneously trying a case to the bench. In *United States v. Yellow Cab Co.,* the United States made a similar argument. Mr. Justice Burton rejected this argument saying the defects were not insurmountable and were no different than trying the law issues to a jury and the equity issues to the judge. *United States v. Yellow Cab Co.,* 340 U.S. 543, 555–56, 71 S.Ct. 399, 407, 95 L.Ed. 523 (1951). This court is in agreement with Mr. Justice Burton, and this court has handled similar situations in the past without difficulty.

8. "An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." Rule 23(c)(1), Federal Rules of Civil Procedure.

9. *See e.g., Henderson v. United States,* 785 F.2d 121 (4th Cir.1986); *Kielwien v. United States,* 540 F.2d 676 (4th Cir.1976).

10. *United States v. Yellow Cab Co.,* 340 U.S. 543, 553, 71 S.Ct. 399, 406, n. 9, 95 L.Ed. 523 (1951).

11. *See e.g., In Re "Agent Orange" Product Liability Litigation,* 100 F.R.D. 718 (E.D.N.Y.1983) *aff'd,* 818 F.2d 145 (2d Cir.1987), *cert. denied, sub nom Pinkney v. Dow Chemical Co.,* 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 647 (1988) (different members of the plaintiff class had causes of action against some but not other defendant chemical companies); *See also, In Re Asbestos School Litigation,* 104 F.R.D. 422 (E.D.Pa.1984).

12. This court has federal jurisdiction over the two private defendants under 28 U.S.C. §§ 1331 and 1332. There must be a separate and independent basis of federal jurisdiction to support the claims asserted against private defendants in a suit against the United States under the FTCA. *Cf., Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

any conflict regarding notice to the prospective class members.

IT IS SO ORDERED.